## JOHN B. BRISCOE *et al.*

### *v.*

## MICHAEL YORK *et al.*

EXECUTION *sale of land—irregular and fraudulent proceedings—remedy in chancery.* The land of a judgment debtor was sold under execution, March 14, 1868, he not knowing of the sale at the time; but hearing a rumor of the sale, he applied at the sheriff's office in May or June following, and also in October, to learn the facts, and was told on both occasions by the deputy sheriff that there had been no sale, nor were there any papers on file showing a sale; on the contrary, on examining a book kept by the sheriff, there was found written across the face of a notice of the sale pasted therein, the words " Ret. by order of plaintiff." The purchaser at the sale, the judgment creditor, did not pay the costs until nine months after the sale, and then the necessary papers were made out by the sheriff, but the certificate of sale was still not placed on file. In July, 1869, the debtor, learning what had been done, deposited with the sheriff the necessary amount for redemption, which the sheriff refused to receive for that purpose. While the money was so deposited, the judgment creditor assigned the certificate of purchase, the assignee having full knowledge of the debtor's rights : *Held*, on bill in chancery filed by the debtor, on the sixth of August, 1869, that by reason of the irregular and fraudulent conduct of the officer, the debtor had the right to redeem from the sale, at least within twelve months after the papers evidencing the sale were actually made out.

APPEAL from the Circuit court of Clark county; the Hon. HIRAM B. DECIUS, Judge, presiding.

This was a suit in chancery, instituted in the court below on the sixth day of August, 1869, the purposes of which, and the questions arising thereon, are set forth in the opinion of the court.

Messrs. SCHOLFIELD & WILKIN, for the appellants.

Mr. O. B. FICKLIN, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Clark circuit court, filed by John B. and Walter Briscoe against Michael York, Timothy H. Connely, sheriff, and others, to enjoin the sheriff from executing a deed to York, he claiming to hold a certificate of purchase, and to enjoin York from applying for and accepting such deed, and that the levy and sale be declared void and of no effect.

The defendants demurred generally to the bill, which the court sustained and dismissed the bill.

To reverse this decree, the complainants appeal to this court.

The demurrer was to the merits of the cause, and the effect of it was to admit all the facts which are well pleaded. From a consideration of these facts, we are by no means satisfied that the sale should not be wholly set aside as irregular and fraudulent. Certainly the conduct of the sheriff, who sold the property, is open to severe censure. At the time the property was offered for sale on the *fi. fa.* and it was struck off to the judgment creditor, it was a sale or it was not a sale. If the former, the law prescribed a certain course for the officer to pursue, one great object of which is, certainly, to give publicity to the transaction, that all, and particularly the judgment debtor, might know that his property had been sold, and

that he had twelve months thereafter within which to redeem it. The officer was required to issue a certificate of sale, which was to be filed in the clerk's office, and to make a return of his actings and doings on the *fi. fa.*

In this case, the sale was made on the fourteenth of March, 1868. In May or June following, one of the complainants hearing a rumor that the property was sold, went to the sheriff's office and was there informed by his deputy that no sale had been made; and again in October, he went to the same place for information, and was again assured by the deputy sheriff that no sale had been made. The papers were examined, and nothing appeared on the records or files showing that a sale had been made, but on the contrary, in a book kept by the sheriff, in which a notice of the sale was pasted, was found written across the face, in pencil, the words, " Ret. by order of plaintiff." Surely, after such assurances that no sale had been made, the defendants had a right to repose in security, especially when the purchaser was privy to the delay, he neglecting to pay the amount of costs, which he did not pay until nine months after the sale, when having paid them, the sheriff made out the necessary papers, but did not then place the certificate of sale on file, as required by law. Afterwards, in July, 1869, when the judgment debtors learned what had been done, they attempted to redeem from the sale by depositing the amount necessary with the sheriff for that purpose, but the sheriff refused to receive it as and for a redemption. Subsequent to this, and while the money was so on deposit, with a knowledge of that fact, and with the knowledge that complainants claimed and insisted on their right to redeem, York purchased the certificate of sale and now claims a deed. It is clear he purchased the certificate with notice of the rights of complainants, and he must be affected with all the equities existing against the original purchaser.

It seems to us the bare statement of the case is the strongest argument which can be made in support of complainants'

right to redeem from the sale, at least within twelve months after the papers evidencing the sale were actually made out.

The demurrer to the bill should have been overruled. · For the error in sustaining it, the decree is reversed and the cause remanded.

*Decree reversed.*