## HERFURTH vs. BIEDERSTAEDT, imp.

*Vacating judgment.*

A refusal to vacate a judgment upon warrant of attorney affirmed, on the ground that no meritorious defense is disclosed.

APPEAL from the Circuit Court for *Dane* County.

Upon the 16th of May, 1876, judgment was entered by confession upon warrant of attorney in favor of the plaintiff, *Theodore Herfurth*, and against the defendants, August Herfurth and *Biederstaedt*, for the amount of two notes executed by defendants, and payable to plaintiff, dated December 21, 1874, both payable at the German Bank, Madison, and past due.  On the 12th of July, 1877, plaintiff was ordered by the court to show cause why the judgment should not be vacated, and the defendant *Biederstaedt* allowed to file a proposed verified answer.  This answer alleged, 1. That the consideration for which the notes in judgment were made, entirely failed; that such consideration was the surrender of an old note previously executed by the defendant August Herfurth to the plaintiff, and then held by plaintiff; that such surrender never took place, although demand was often made; and that no offer to surrender said old note was made by plaintiff, or by any person for him, until a motion had been made by said *Biederstaedt* to vacate said judgment.  2. That the notes in judgment "were never delivered to the plaintiff; but that possession of them was obtained by plaintiff's wife, long after they would have become due, without the knowledge or consent of the makers."

Affidavits of the two defendants were offered in support of the motion to vacate.  That of *Biederstaedt*, in addition to the usual contents of an affidavit of merits, states that the affiant had no knowledge of the entry of the judgment until about the 20th of May, 1877.  The affidavit of August Her-.

furth states that the allegations of the proposed answer as to the failure of. consideration and nondelivery of the notes in judgment to the plaintiff are true to the affiant's knowledge and belief.

In opposition to the motion were filed affidavits of the plaintiff and his attorney. The former states that the old notes mentioned in the proposed answer were left by the plaintiff at the German Bank for collection, some time before the notes in judgment were given; that plaintiff was absent in the state of Oregon when the latter notes were given, and that these were taken by J. J. Suhr [an officer of said bank], as his agent, and were retained by Suhr as such agent until affiant's return, when they were delivered to him by said Suhr; that both defendants well knew that plaintiff had the notes in his possession and control before judgment was entered on them, and he frequently demanded payment of the notes before entering judgment, but neither defendant ever objected to his retaining the notes, or made any objection whatever to their validity or to the indebtedness; and that neither of them had ever demanded of affiant said original note, but the same had always been ready for delivery to the maker thereof, since it came into affiant's possession. The affidavit of plaintiff's attorney states that he has in his possession the old note above mentioned, ready to be delivered to August Herfurth; that before this motion came on to be heard, and before any notice thereof was given, the affiant, for the plaintiff, tendered said note to August Herfurth, but he refused to receive it; and that affiant is informed and believes that no demand has ever been made of said note, and that it has always been ready to be delivered up to the maker since the notes in judgment were given.

The circuit court denied the motion to vacate; and the defendant *Biederstaedt* appealed from the order.

The cause was submitted on the briefs of *Charles A. Ebert*, for the appellant. He contended, 1. That when the judg-

ment was entered, and when the motion to vacate it was made, the notes in judgment had no legal validity, as against either of the defendants: (1) Because there was a total failure of consideration. *People v. Bostwick*, 32 N. Y., 449; *Hall v. Wilson*, 16 Barb., 548; *Heeg v. Weigand*, 33 Ind., 289; *Miller v. Ritz*, 3 E. D. Smith, 253; *Kellogg v. Nelson*, 5 Wis., 125. See also *Brayley v. Pickett*, 28 Wis., 599, 600. (2) Because there never was a valid delivery of the notes to the plaintiff. They were left with a third party, on condition that they should not be delivered to the payee and take effect until the former note should be surrendered; and there was no delivery to the payee until this contingency happened. *Prutsman v. Baker*, 30 Wis., 644; *Andrews v. Thayer*, id., 228; *Hillsdale College v. Thomas*, 40 id., 661; *Brackett v. Barney*, 28 N. Y., 333; *People v. Bostwick, supra; Jackson v. Richards*, 6 Cow., 617; *Bronson v. Noyes*, 7 Wend., 191; *Artcher v. Whalen*, 1 id., 179; *Gilbert v. Ins. Co.*, 23 id., 43; 10 Mass., 458; 3 N. H., 332; 30 Ind., 22. If the third party in whose hands the note was left, was strictly the plaintiff's agent, there was nothing to prevent him from receiving the trust. The principal himself might have received the delivery here made without taking any absolute rights under it. *Fertig v. Bucher*, 3 Pa. St., 308; *Graves v. Dudley*, 20 N. Y., 76; *Artcher v. Whalen*, 1 Wend., *supra*. 2. That it sufficiently appeared from the record that *Biederstaedt* signed the notes in judgment as surety; that it nowhere appears that the original note of August Herfurth was due when these were given; that if it was not due, there was nothing to prevent plaintiff's transferring it to an innocent holder for value, who might collect it from August Herfurth, and thus sweep away the very assets from which the appellant expected the judgment notes to be paid; and that the very fact, stated in plaintiff's affidavit, that the note has been offered by plaintiff to his brother August, is sufficient to suggest a suspicion of bad faith towards the appellant. 3 E. D. Smith, 254–5. 3. That

if, as is alleged in the proposed answer, the surety signed the judgment notes in the expectation that the old note was to be returned before the new one should have any validity, the failure to return it may have induced the surety to believe, either that the new notes signed by him had never become valid by delivery, or that they had been paid, and thus have prevented him from taking steps to indemnify himself out of August Herfurth's property.

For the respondent, a brief was filed by *Jones & Parkinson*, and there was oral argument by *Mr. Jones*. They contended, 1. That orders of this kind will not be reversed unless there is a clear abuse of discretion. *Crebler v. Eidelbush*, 24 Wis., 162; *Levy v. Goldberg*, 40 id., 313; *Seymour v. Supervisors*, id., 62. 2. That the motion papers show the appellant to have been guilty of such laches as should itself defeat the application. 3. That the proposed answer does not state a defense. It admits by implication the fact that, before any notice of *this* motion was given, the old note had been tendered to the person to whom it belonged. It does not state when demand was made for that note, nor by whom, nor of whom; nor does it contain any allegations to rebut the presumption that the note was left in the hands of plaintiff's agent by inadvertence of the parties. It is equally vague and equivocal in respect to the nondelivery of the judgment notes. There is no proper denial of the allegations of the complaint. The opening clause of this division of the answer is so qualified by what follows, as to clearly import that the allegations of the complaint are true, and that the argumentative and evasive averments of the answer are only a pretext for delay. There is nothing in them which raises a doubt as to the exact truth of plaintiff's affidavit. The proposed answer must show clearly, by specific allegation of facts, that there is a meritorious defense, before the judgment will be opened. *Seymour v. Supervisors, supra; McLaren v. Kehlor*, 22 Wis., 297. 4. That the jurisdiction of the circuit court in such

cases is an equitable one, and should be exercised to prevent wrong, and the burden is upon the moving party to show injury *( Van Steenwyck v. Sackett*, 17 Wis., 651); and that there is nothing in this record from which injury to the appellant can be inferred, especially since the other defendant, who alone could be injured by a detention of his note, has not appealed.

COLE, J.   We think the circuit court properly refused to vacate the judgment on the case presented.   The proposed answer and accompanying affidavits really disclosed no meritorious defense.   The rule in this class of cases is stated by Mr. Justice PAINE, in *Van Steenwyck v. Sackett*, 17 Wis., 645–657, as follows:   " The supervision which courts exercise, on motion, over judgments entered on warrants of attorney, is of an equitable character, and the burden is on the party moving to show that he has been or will be subjected to some wrong or injustice, before the court will interfere."   Now, the answer sets up, in substance, that the notes upon which judgment was entered, were executed in consideration of the surrender of an old note personally given by the defendant August Herfurth to the plaintiff, and that such old note was never surrendered, or offered to be surrendered, to Herfurth, before this motion, although demand was often made for it.   This statement in the answer is positively denied in the affidavits used in opposition to the motion.   It appears from these affidavits, that the old note has always been in the possession and under the control of the plaintiff, ready to be delivered up to the maker whenever demanded, and that, before this motion was made, or notice thereof given, the attorney of the plaintiff offered and tendered the old note to August Herfurth, who refused to receive it.   This satisfactorily disposes of the point that the plaintiff had refused or failed to surrender the old note on demand.   The other allegations in the second subdivision of the answer, to the effect that the notes

were never delivered to the plaintiff, but that possession of them was obtained by plaintiff's wife, are fairly open to all the criticism passed upon them by plaintiff's counsel; and moreover, they are directly in conflict with what is stated in the first part of the answer. As it was not shown that the judgment was inequitable or unjust in any respect, no ground was laid for vacating it.

*By the Court.*— The order of the circuit court is affirmed.