PHILLIPS and another, Respondents, vs. HYLAND and others, Appellants.

*January 31 — February 21, 1899.*

*Execution sale of land: Inadequacy of price: Indexing.*

1. Mere inadequacy of price paid at an execution sale of land will not justify the setting aside of the sale, especially as against *bona fide* purchasers from the purchaser at such sale.
2. Failure of the register of deeds to index a certificate of the sale of land on execution, as required by sec. 761, R. S. 1878, does not invalidate the sale.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Tomkins & Merrill*, and oral argument by *Geo. F. Merrill*.

*A. R. Mead*, for the respondents.

BARDEEN, J. This action is brought to quiet the title to certain lands claimed by the plaintiffs. The facts developed on the trial may be stated as follows: On August 25, 1890, one Leonard Seidelman became the owner of the land in question, securing title from the government. On May 5, 1892, one Veit Kohout docketed a judgment against Seidelman, in Douglas county, for the sum of $57.31. A transcript of said judgment was docketed in Bayfield county on May 10, 1892; an execution was issued; the land in ques-

tion was levied upon and sold thereunder to Kohout on July 11, 1892, for $89.56. A certificate of such sale was delivered to the purchaser, and a duplicate thereof filed in the office of the register of deeds of Bayfield county on July 22, 1892. The lands remaining unredeemed, a deed was duly made to the purchaser on February 27, 1894, and recorded the same day. On December 10, 1894, Kohout and wife, by warranty deed, conveyed said land to plaintiffs, the consideration being $225. On May 16, 1893, Seidelman and wife conveyed said land to George Hyland, defendants' testator, who took title, without knowledge of the execution sale.

The defense tendered by the defendants was that the sale to plaintiffs' grantor was at a grossly inadequate price; that the certificate of sale upon which his deed was founded was never indexed, as required by sec. 761, R. S. 1878; that plaintiffs took their deed after the land had been purchased by Hyland, and were chargeable with notice of his interest in the land. The defendants offered to pay the amount of the judgment upon which the execution sale was made, with subsequent costs. The court's findings were in favor of plaintiffs, and the defendants seek to reverse the judgment entered pursuant thereto, on the ground, principally, that the plaintiffs' title is without equity. The argument is that the land was worth $600 at the time of the execution sale, and was bid off for about $90, and hence plaintiffs ought not to be permitted to enforce their title.

The only ground upon which this relief is sought is the alleged inadequacy of the price bid at the sale. No circumstance is alleged that impeaches the good faith of the sale. It was conducted in all things in accordance with legal requirements,— an open sale at auction, after due advertisement. There is no pretense that the judgment debtor was prevented or hindered in any way from protecting his interests. He allowed the year to elapse within which he might

have redeemed or have attacked the sale. The land having been conveyed to *bona fide* purchasers for value, considerations of equity which might have been raised in the original action cannot be urged against them. Mere inadequacy of price has rarely been held sufficient in itself to justify setting aside a judicial sale. *Schroeder v. Young*, 161 U. S. 334; *Parker v. Glenn*, 72 Ga. 637; *Central P. R. Co. v. Creed*, 70 Cal. 497. It is only in cases where there has been some irregularity in the sale, prejudicial to the owner, some collusion or undue advantage or unfairness, or some circumstance indicating fraud or the like, coupled with the alleged inadequacy of price, that courts of equity will intervene; and then never to the prejudice of innocent purchasers. There being nothing in the evidence to impugn the good faith of plaintiffs, their title, if otherwise good, cannot be attacked on the ground alone that their grantor bid an inadequate price at the sale under which he took title.

The referee found that the certificate of sale which was filed with the register of deeds had never been entered in any index in his office, as required by sec. 761, R. S. 1878. Counsel for defendants admitted on the argument that, in so far as his clients' rights were concerned in this litigation, it was not necessary to discuss whether the provisions of the statute were mandatory or directory, and that for the purposes of this action he would admit that they were directory. Sec. 3000 requires the officer making an execution sale to make out duplicate certificates of sale, one to be delivered to the purchaser, and the other to be filed in the office of the register of deeds. When this is done, the duty of the purchaser at the sale is complete. The statute (sec. 761) imposes the duty upon the register to make the proper index. The validity of the sale is in no way made dependent upon the proper indexing of the papers filed. A failure so to do might be an act of misprision for which the officer would be liable to a searcher of the records who might be misled to

his injury. Wade, Notice, § 165. The statute in relation to the filing and indexing of chattel mortgages is very similar. Under it this court held that its provisions were directory only, and that the failure of the officer to make the proper entries did not invalidate the mortgage. *Smith v. Waggoner*, 50 Wis. 155. The doctrine seems reasonable that the neglect of clerical duties should not be chargeable to the purchaser at the execution sale, who, in filing his certificate of sale, does so in obedience to the mandate of the law. Wade, Notice, § 170. If the statute made the indexing of the certificate constructive notice to subsequent purchasers of the land, a different question might arise. The existence of a judgment docket in the office of the clerk of the court would seem to be all that would be necessary to carry knowledge to the searcher of the records.

*By the Court.*— The judgment of the circuit court is affirmed.