KREMER and others, Executors, Respondents,. vs. SPONHOLZ and wife, Appellants.

*October 12—November 7, 1906.*

*Judgment by default: Vacating: Claim of defendant must appear meritorious: Proofs.*

1. Upon a motion to vacate a default judgment and permit a defense to be interposed it is essential that it should appear, from the proposed answer and the whole case made, that the claim of the defendant is meritorious.

2. The truth of the allegations of the proposed answer in such a case may properly be tested by the proofs produced on the motion, to the extent of determining whether, in any reasonable probability, the claim of the defendant can be established on a trial; and if there is no such probability the answer, though meritorious in mere words, may be condemned as unmeritorious in fact.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.    *Affirmed.*

This is an appeal from an order refusing to open a default judgment and permit a defense to be interposed.

The defendants in 1892 borrowed $7,375.15 in one sum and $650 in another, giving their promissory notes therefor and securing each by a mortgage on real estate occupied by them for some years prior to the foreclosure proceedings hereafter mentioned. Valentin Blatz acquired said securities and subsequently died. Some two years thereafter and in February, 1896, the circumstances being such that the mortgages were subject to foreclosure, an action was commenced to that end by the executors of the last will and testament of said Blatz, the summons being personally served, as indicated by the record, by a person not an officer. Such proceedings were thereafter had in such action that in March, 1896, a judgment of foreclosure and sale, and providing in case of a deficiency for a personal judgment against the defendants, was rendered, the amount of the claim against defendants being adjudged to be $8,562.82. Later and in due time such proceedings were had to enforce said judgment that the mortgaged property was sold at public sale to the plaintiffs for $6,500, they making but one and the only bid at the sale. On May 15, 1897, thereafter judgment for deficiency was in due form rendered against the defendants for $2,688.48. No notice of the entry of the judgment was given to said defendants. In March, 1905, finding their property, upon which they desired to obtain a loan, to be incumbered by such last-mentioned judgment, they moved the court to vacate the foreclosure pro-

ceedings upon the ground that the summons was never served upon them. The motion was heard on affidavits and denied and the order was not appealed from. A motion was thereafter made to set aside the foreclosure judgment and for permission to defend. Such motion was heard on a proposed answer, affidavits, and oral testimony. In such answer, for a defense, there were allegations to this effect: An agreement was made between the said Valentin Blatz and the defendants that in consideration of a surrender of the mortgaged property without costs to him and without foreclosure proceedings, and payment of an indebtedness of defendant *Emil A. Sponholz*, which he owed for beer, defendants might remain in possession of the premises till their new house was done, which was in process of being erected, and that no further claim should be made on the mortgage indebtedness, but that the notes and mortgages should be surrendered up and canceled and the mortgages discharged of record, and that pursuant to such agreement the indebtedness for beer was paid and the property was surrendered. Defendants have always been ready and willing by a proper conveyance to vest the title to the mortgaged property in said Blatz, or his legal representatives or assigns. At the time of the foreclosure sale the property was worth $13,000, and was worth at the time of making the answer a sum in excess of the mortgage indebtedness and costs, and was of the rental value of $600 per year.

The affidavits used on the motion placed the value of the property at the time of the foreclosure sale at from something less than the amount due on the foreclosure judgment to several thousand dollars in excess thereof. Some of them tended to show that the value was greater at the time of the commencement of this proceeding than at the time of such sale. There was oral testimony by the defendant *Emil A. Sponholz* to the effect that the new house spoken of in the complaint was in process of erection in 1897 at the time of the foreclosure

sale; that he did not know anything about the foreclosure judgment or the judgment for deficiency till March, 1905; that knowledge thereof came to him as stated in the proposed answer; that he moved out of the mortgaged premises pursuant to a mutual understanding with a Mr. Fricke, agent for the plaintiffs, that he should surrender the same but should be permitted to stay until the house should be finished; that it was not because of any judgment that he surrendered the property; that he knew of none. Both defendants testified that no summons was served on them in the foreclosure suit.

There was testimony in opposition to the motion that on January 31, 1896, a letter was in due course sent to the defendant *Emil A. Sponholz* on behalf of plaintiffs to the effect that the former's proposition to turn over the mortgaged property in settlement of the mortgage indebtedness would not be accepted and that foreclosure proceedings would be commenced. Mr. Fricke testified that, representing the plaintiffs, after the foreclosure judgment was rendered he interviewed *Mr. Sponholz* about redeeming the property, and that the latter said he could not redeem. Mr. Fricke further testified that after the mortgage sale he called on *Mr. Sponholz* in respect to delivering up the property and that the latter said that he wished to remain till his new house was done; that on such occasion *Mr. Sponholz* was informed of the sale and that the plaintiffs were the purchasers. Mr. Fricke further testified that there was a large crowd at the sale, but that the only bid was that of the plaintiffs for $6,500; that he understood from *Mr. Sponholz* that the new house was the property of his wife and that he, *Sponholz,* was execution proof; that when he had the talk with *Sponholz* after the sale about surrendering up the property *Sponholz* was keeping a saloon thereon. *Sponholz* denied having the conversation with Mr. Fricke, testified to by him, and denied that he was keeping a saloon at the time of the alleged conversation.

The motion of the defendants was denied and they appealed.

*C. H. Hamilton,* for the appellants.

For the respondents there was a brief by *A. C. Rietbrock,* attorney, and *George Sylvester,* of counsel, and oral argument by *Mr. Sylvester.*

MARSHALL, J.   The appellants' application was addressed to the sound discretion of the court and, therefore, the result cannot be successfully attacked except for abuse of such discretion.   That is elementary.   True, as counsel for appellants contends, that rule contemplates the exercise of legal discretion,—that is that the trial judge shall exercise sound judgment upon the facts and circumstances of the case, recognizing the spirit of the Code that every person háving within reasonable probabilities, apparently, a meritorious cause of action or defense shall have an opportunity to present the same for adjudication, if he acts within the time limited by the statute, notwithstanding any neglect which is reasonably excusable, on such terms as will fairly make the opposite party good for the disturbance of his situation by the mere reason of delay.

One of the most important essentials in an application of this sort is that the claim of the petitioner shall appear, from the allegations in the proposed answer and from the whole case made, to be meritorious.   *Union L. Co. v. Chippewa Co.* 47 Wis. 245, 2 N. W. 281; *Port Huron E. & T. Co. v. Clements,* 113 Wis. 249, 255, 89 N. W. 160.   The appellants at the outset faced an adjudication of the court, unappealed from, that the summons was regularly served on them and that their sworn statements to the contrary were untrue.   The trial court in view of that situation was well warranted in concluding that their claim as to an agreement having been made that the property should be surrendered and an indebt-

edness for beer paid in satisfaction of the mortgage indebtedness should have some fair support in order to raise a probability that it could be established upon a trial. It conclusively appears that the allegations of the answer as to an agreement having been made with Valentin Blatz are untrue, because his death occurred two years prior to the happening of the circumstances which it is conceded characterized such agreement, if any was ever made. Blatz died before the foreclosure action was commenced and before appellants commenced to construct the new house to which they removed when they vacated the mortgaged premises.    So the claim that they agreed with Blatz during the period of the construction of the new house, as claimed, cannot be true. Again the idea that the appellants vacated the premises under an agreement, as they claim, making no conveyance to the holders of the mortgages in execution thereof, and that appellants nevertheless supposed respondents, for the period of some eight years which followed before the motion to open the foreclosure judgment was made, exercised control over the property as owners without any title other than a mere mortgage interest, is so very unreasonable that the court was warranted in disbelieving it. Further, since when *Mr. Sponholz* came to testify orally in respect to the matter he made no mention of having made an agreement with Mr. Blatz, but claimed to have had some sort of an understanding with Mr. Fricke, as agent of respondents, as to vacating the premises, differing materially from the agreement alleged in the answer, that warranted the court, especially in view of the testimony of Mr. Fricke, in concluding that no agreement was made of the nature of that claimed by appellants. In the answer, as we have seen, it was alleged that defendants agreed to surrender the mortgaged premises and *Mr. Sponholz* agreed to pay an indebtedness of his for beer in discharge of the mortgage indebtedness, while, when he came to testify orally, he said nothing whatever of a definite nature as to payment of the beer bill. He merely said:

that "there was a mutual understanding between Mr. Fricke and myself. I told him I was willing to vacate the property and turn it over without any law proceedings, and he said it was nice, and he gave me a promise to stay in there until my house was finished. It was not because of a judgment of foreclosure and sale. It was simply because there was a mortgage on the property. . . . There never was any suit."

In view of the fact that there was a suit which had proceeded to judgment long before the date of the alleged understanding and the obvious falsity of the answer as to an agreement having been made with Valentin Blatz, and the highly unreasonable claim that an agreement somewhat similar to that so alleged was made with Mr. Fricke and that respondents took the property pursuant thereto without any conveyance being made to them by appellants, and in face of the much more reasonable claim of respondents, supported by proof, that appellants were notified in writing before the foreclosure suit was commenced that the property would not be taken in discharge of the mortgage indebtedness; that after the sale and sheriff's deed to respondents appellants were told of such judgment and requested to vacate the property, and were then at their request permitted to keep the same for a short time to enable them to finish their house, then in process of construction,—it seems that the trial court had a pretty sound basis for the conclusion that appellants' plea that the mortgaged premises were surrendered in discharge of the mortgage indebtedness could not be established by them to the satisfaction of any court, if a defense of that sort were permitted to be interposed. Certainly the situation falls far short of satisfying the rule that a strong case of abuse of discretion must be shown to warrant reversing the determination of the trial court in such a matter as this. *Seymour v. Chippewa Co.* 40 Wis. 62.

On an application of this sort the truth of the allegations of the proposed answer may properly be tested by the proofs

produced on the motion, to the extent of determining whether, in any reasonable probability, the claim of the defendant can be established on a trial, and if there is none, such answer, though meritorious in mere words, may be condemned as unmeritorious in fact. That course was pursued here. The proposed answer on its face was meritorious, but the proofs produced on the motion showed that its material allegations could not be established by evidence; and the substitute therefor testified to, viz., the claimed understanding with Mr. Fricke, the trial court evidently concluded was without any substantial support. We cannot see our way clear to disturb that conclusion.

*By the Court.*—The order is affirmed.