KISSINGER, Respondent, vs. ZIEGER, imp., Appellant.
KISSINGER vs. ZIEGER, Respondent, and DAY, Appellant.

*February 16—March 9, 1909.*

(1, 2) *Judgment on warrant of attorney: Setting aside: Grounds: Defense to note: Intoxication.* (3–6) *Execution: Issuance to another county: Sale, when consummated: Sheriff's deed, when to be issued: Setting aside execution sale: Grounds: Reference to determine facts: Waiver.*

1. Where a note was merely given in renewal of a prior note which was unimpeached and founded upon a valuable consideration, the fact that the maker's signature to the renewal was procured while he was in a state of intoxication brought on by the payee's agent for that purpose is not a defense available upon a motion to set aside a judgment on the note entered upon warrant of attorney.

2. Courts exercise an equitable supervision over judgments entered upon warrants of attorney, and the party moving to set aside such judgment must show that he has been subjected to some injustice, it not being sufficient for him to aver mere technical errors or irregularities.

3. Under secs. 2969, 2971, Stats. (1898), where a judgment of the circuit court for one county is docketed in another county an execution to the sheriff of the latter county should be issued from the circuit court for the former county.

4. Although the purchaser at an execution sale of land pays the amount of his bid on the day of sale, yet the sale is not consummated until the certificate thereof is executed and delivered

to the purchaser; and issuance of the sheriff's deed to the pur-
chaser within fifteen months after the delivery of the certificate
of sale is an irregularity.

5. Gross inadequacy of price and lack of actual notice or knowledge
of the sale, together with some irregularity in the proceedings,
are sufficient to warrant the court in setting aside a sale of land
on execution.

6. When a question of fact arises upon the hearing of a motion, if
a party does not request a reference (under subd. 3, sec. 2864,
Stats. 1898) in order that evidence may be taken and witnesses
examined, he waives that right, and the court may decide the
question upon affidavits.

APPEALS from orders of the circuit court for Milwaukee
county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

For the plaintiff, *Kissinger,* there was a brief by *Butter-
field & Rix,* and oral argument by *P. A. Rix.* They argued,
among other things, that the court was right in refusing to va-
cate the judgment. The presumption is that the letter from
plaintiff's attorneys was received by defendant. *Small v.
Prentice,* 102 Wis. 256; *McDermott v. Jackson,* 97 Wis. 64;
16 Cyc. 1069, 1071. The proposed answer and the whole case
made by the appellant is not meritorious, and there is no rea-
sonable probability that the defense can be successfully estab-
lished at a trial. *Kremer v. Sponholz,* 129 Wis. 549; *Phil-
lips v. Portage T. Co.* 137 Wis. 189; *Deering H. Co. v. John-
son,* 108 Wis. 275, 280; *Roemer v. Schmidt,* 134 Wis. 1;
*Reeves & Co. v. Kroll,* 133 Wis. 196; *Port Huron E. & T. Co.
v. Clements,* 113 Wis. 249; *Marshall & Ilsley Bank v. Mil-
waukee W. Mills,* 84 Wis. 23.

For the defendant *Zieger* there were briefs by *Boden &
Beuscher,* and oral argument by *F. X. Boden.* They con-
tended, *inter alia,* that the court erred in refusing to set aside
the judgment. 1 Daniel, Neg. Inst. § 214; *Wright v. Wal-
ler,* 127 Ala. 557, 54 L. R. A. 440; *Knott v. Tidyman,* 86
Wis. 164; *Kuelkamp v. Hidding,* 31 Wis. 503; *Getzlaff v.
Seliger,* 43 Wis. 297; *Spafford v. Janesville,* 15 Wis. 474;
*Ætna L. Ins. Co. v. McCormick,* 20 Wis. 265; *Stein v. Bene-*

*dict,* 83 Wis. 603; *Sloane v. Anderson,* 57 Wis. 123, 131; sec. 2832, Stats. (1898); Moore, Facts, §§ 938–944, 1272. The application appealed to the equitable power of the court. *Reeves & Co. v. Kroll,* 133 Wis. 196; *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322. The sale was properly set aside for inadequacy of price. 17 Cyc. 1277; *Collins v. Smith,* 75 Wis. 392; *Meehan v. Blodgett,* 86 Wis. 511; 11 Am. & Eng. Ency. of Law (2d ed.) 650.

*F. A. Geiger,* for the impleaded defendant, *Day,* urged that the court was not justified in setting aside the sale for inadequacy of price, or upon any so-called "general equities." *Hill v. Hoover,* 5 Wis. 354, 375; *Phillips v. Hyland,* 102 Wis. 253; *Meehan v. Blodgett,* 86 Wis. 511; 17 Cyc. 1278; *Graffam v. Burgess,* 117 U. S. 180; 2 Freeman, Executions, § 309. The court should not in any event have determined this case upon the summary motion, nor upon affidavits. 2 Freeman, Executions, § 310; *Harrell v. Word,* 54 Ga. 649; *State Bank v. Noland,* 13 Ark. 299; *Jenkins v. Merriweather,* 109 Ill. 647; *McMinn's Legatees v. Phipps,* 3 Sneed, 196; *Anniston P. Works v. Williams,* 106 Ala. 324; *Hooper v. Smith,* 74 Wis. 530; *Warren v. Stinson,* 6 N. Dak. 293; *Day v. Graham,* 1 Gilm. 435, 445; *Evans v. Maury,* 112 Pa. St. 300; *Media T. & T. Co. v. Kelly,* 185 Pa. St. 131; *Lengert v. Chaninel,* 208 Pa. St. 229; *Groner v. Smith,* 49 Mo. 318.

Timlin, J.    The defendant *Zieger* appeals from an order denying his motion to vacate a judgment entered upon cognovit in favor of the plaintiff and against *Zieger* and one Reingruber, while the impleaded defendant, *James B. Day,* a purchaser at execution sale under said judgment, appeals from an order setting aside the sheriff's sale and the sheriff's deed to *Mr. Day* thereon.

Taking up separately the appeal of *Zieger.* It appears that on May 11, 1906, the plaintiff *Kissinger* had judgment on cognovit in the circuit court for Milwaukee county against

the defendants *Zieger* and Reingruber for $553.98. This judgment was also docketed in the circuit court for Washington county, and execution thereon from the circuit court for Washington county issued to the sheriff of that county on June 4, 1906. The defendants resided in Washington county, and the sheriff of that county called with the execution at the residence of *Zieger,* and, not finding the latter at home, made demand of payment from *Zieger's* wife, who was a weak-minded or insane person, and thereafter and on June 12, 1906, returned the execution wholly unsatisfied. Execution was also issued from the circuit court for Milwaukee county to the sheriff of Milwaukee county, who levied upon a house and lot in the city of Milwaukee, the property of *Zieger,* and on July 30, 1906, by virtue of said execution, sold the house and lot to *James B. Day.* Thereafter and on November 7, 1907, the sheriff of Milwaukee county pursuant to such sale executed and delivered a sheriff's deed to the purchaser, *Day.* On December 3, 1907, *Zieger* commenced proceedings to vacate the judgment, sheriff's sale, and deed upon affidavits and a proposed answer. It appeared by the affidavit of *Zieger* that his Milwaukee property so levied on and sold brought him an annual rental of over $300 and that he owned a homestead in Washington county, and that he had no knowledge that he had signed the judgment note until he received notice that *Day* claimed to own said property in the city of Milwaukee and made demand on his tenants to attorn to *Day.* He further averred that no demand was ever made upon him to pay this judgment note and that he had no prior knowledge of the entry of judgment thereon or the issue of execution; that *Day* was endeavoring to dispose of the property, asking $2,500 for it, and that the property was worth not less than $4,500; that there was collusion between *Day* and the plaintiff whereby notice was withheld from *Zieger.*

The proposed answer averred in substance that the indebtedness for which the note was given was that of Reingruber

and that *Zieger* was an accommodation maker of the note, and that his signature to the note was procured while he was in a state of intoxication brought on by the agent of the plaintiff for that purpose, and that his intoxicated condition was such that he did not know what he was signing, and did not know at any time until November 26, 1907, that the note so signed was a judgment note. He denied that he had received any notice from plaintiff's attorneys or that any demand was made upon him for payment of the note.

The plaintiff showed in opposition that the note referred to in the answer was given on April 24, 1905, in renewal of a prior note of *Zieger* and Reingruber for $500, the consideration of which was money loaned by the plaintiff at the request of *Zieger* to Reingruber. One of plaintiff's attorneys presented an affidavit showing that the note in question was received for collection in the early part of May, 1906, and demand of payment was made from Reingruber and attempted to be made from *Zieger,* but the latter was not found at home, and that on May 21, 1906, a letter had been mailed by this attorney to *Zieger* notifying the latter that judgment had been entered upon the note. This letter was properly mailed and contained on the envelope a direction to return the letter to the writers if not called for within five days, and the same was never returned. The execution to the sheriff of Milwaukee county was not issued until after the Washington county execution was returned unsatisfied. On July 24, 1907, Reingruber was adjudged a bankrupt. It appeared that *Zieger* lived about one and a half miles from the postoffice at South Germantown, Wisconsin, and that all first-class mail received there addressed to *Zieger* is either delivered to him personally or forwarded by the next train after receipt thereof to *Zieger* at Rockfield, Wisconsin, a village about one and a half miles distant from *Zieger's* residence. The undersheriff of Milwaukee county presented an affidavit that during the time in question it was the custom of that office to notify the person

upon whose property execution had been levied either by personal notice or by mailing a copy of the printed notice of sale to such person, and that to his best recollection he mailed such a copy to *Zieger* at the postoffice address given to him by the attorneys for the plaintiff, which was the proper address.

Upon the foregoing facts the circuit court properly refused to vacate the judgment. When the motion was submitted for decision to that court it appeared, as indicated in the foregoing statement of facts, that the alleged defense of *Zieger* with reference to his intoxicated condition at the time of signing the note in question and the procurement of such signature by plaintiff's agent would constitute no defense to the action available on this motion, because the note so procured was merely given in renewal of a prior note unimpeached and founded upon a valuable ·consideration. *Zieger* therefore showed no equity to have the judgment vacated, no matter what the facts were as to notice or knowledge of the entry of the judgment. *Matteson v. Ellsworth,* 33 Wis. 488; *Kremer v. Sponholz,* 129 Wis. 549, 109 N. W. 527. Courts exercise an equitable supervision over judgments entered upon warrants of attorney, and the party moving to set aside such judgment must show that he has been subjected to some injustice before the court will interfere. It is not sufficient for him to aver mere technical errors or irregularities. *Van Steenwyck v. Sackett,* 17 Wis. 645; *McIndoe v. Hazelton,* 19 Wis. 567; *Herfurth v. Biederstaedt,* 43 Wis. 633.

Considering the appeal from the order vacating the execution sale and sheriff's deed, it appears that that order was made by the circuit court upon the following grounds assigned:

"(1) By reason of the inadequacy of the price paid by *James B. Day.* (2) The general equities of the case. (3) The attempts made in Washington and Milwaukee counties to levy upon the personal property of the defendant *Zieger* (a) in his absence; (b) without making personal demand upon him for payment of the execution upon said judgment."

It was also conditioned that the defendant *Zieger* pay to the purchaser, *Day,* the amount paid by the latter for the property, with interest at six per cent. from the date of purchase, and the sum of $25 attorney fees, and any further sum paid by said purchaser for insurance, taxes, and sheriff's deed. Upon the cognovit judgment described, execution was issued to the sheriff of Washington county from the circuit court for Washington county. This was an irregularity. The execution should have been issued from the circuit court for Milwaukee county, where the judgment roll lay, to the sheriff of Washington county. Secs. 2969, 2971, Stats. (1898). These two executions might have been issued at the same time. Id. But they were not so issued. Upon the execution issued to the sheriff of Milwaukee county, the real property of *Zieger* in the latter county was sold to *James B. Day* of Hartford, Washington county, on July 30, 1906, for $611.52. Fifteen months and eight days after this date a sheriff's deed was executed to the purchaser, *Day.* There was evidence before the court which was entitled to credence that the value of the property was $4,000. The affidavit of the defendant *Zieger* to the effect that he had no notice or knowledge of this sale prior to November 27, 1907, was before the court, and it was for that court to determine the question of credibility. There was also the fact sworn to by defendant *Zieger* that he did not know that the note he had signed was a judgment note, and this statement is rendered probable by the appearance of the note, in which the power of attorney to confess judgment is contained in four lines of small print following the body of the note, and the whole instrument is signed at the bottom, the same signature answering for signature to the note and signature to the power of attorney. There was the attempt to collect by execution in Washington county from Reingruber, the principal debtor, the visit to *Zieger's* house in his absence, and the hasty return of the Washington execution without actual notice to or demand upon *Zieger.* There was also the possibility that the letter from plaintiff's attorneys to *Zieger* had

miscarried on account of sending some of *Zieger's* mail to Rockfield, and there was the failure to trace any other direct notice to *Zieger,* together with a lack of definite or satisfactory explanation of how *Day,* a neighbor of *Zieger,* or at least one residing in his county, came to know of and bid on this sale in Milwaukee county. There was also no apparent motive on the part of *Zieger* to remain idle and allow his property to be sacrificed for this comparatively small sum.

There were also these irregularities existing, but not noticed by counsel: In the sheriff's return to the execution he certifies that on June 16, 1906, he advertised the property for sale to take place on the 30th of July, 1906, by posting a printed notice thereof in three public places in the ward in which the property was situated, and by posting a printed notice thereof in three public places in the Seventh ward of the city of Milwaukee more than six weeks prior to said sale, and that he caused a like notice to be publicly advertised for six weeks successively by causing a copy of such notice to be printed once in each week during the six weeks immediately preceding said sale in the Milwaukee Sentinel, a public newspaper, etc., the first publication being on June 16, 1906, and he refers to a copy of the notice with the printer's affidavit of publication annexed.

It is only by inference from the words "like notice" that we can gather that the posted notices specified the hour of sale. Again, the return on the last execution shows that duplicate certificates of this sale were made and delivered on August 9, 1906. No other proof of the form, contents, or date of these certificates of sheriff's sale was before the court. An affidavit showed that *Day* paid the amount of his bid on the day of sale, but the sale was not consummated until this certificate of sale was executed and delivered to the purchaser. *Briscoe v. York,* 53 Ill. 484. The deed was issued to the purchaser within fifteen months from August 9, 1906. This was an irregularity.

A line of precedents on this subject is that represented by

*Schroeder v. Young,* 161 U. S. 334, 16 Sup. Ct. 512.   These are to the effect that gross inadequacy of price, lack of actual notice or knowledge of the sale, conjoined with some irregularity in the proceedings, are sufficient to warrant the court in setting aside the sale.   This has been the course of decision in our state.   *Grede v. Dannenfelser,* 42 Wis. 78; *Collins v. Smith,* 75 Wis. 392, 44 N. W. 510; *Phillips v. Hyland,* 102 Wis. 253, 78 N. W. 431.

We think this is a case where gross inadequacy of price, lack of actual notice or knowledge of the sale, and some irregularities conjoin to uphold the decision of the court below.   A point is made that the circuit court should not have proceeded to set aside this sale and sheriff's deed upon affidavits and order to show cause, but should have required the plaintiff to bring an action.   Our statute provides that in the case of a question of fact arising upon such hearing the question may be referred, which means that evidence may be taken and witnesses examined.   Subd. 3, sec. 2864, Stats. (1898).   No request was made to have this done; consequently that right on the part of the appellant was waived.   As a consequence we think there was no error prejudicial to the appellant *Day* in this proceeding.

*By the Court.*—The orders of the circuit court are affirmed upon both appeals, with costs in favor of the respondent *Kissinger* against the appellant *Zieger,* and in favor of the respondent *Zieger* and against the appellant *Day.*