## MOWRY *vs.* HILL, et al.

### APPEAL FROM COUNTY COURT, DANE COUNTY.

Heard February 15.]                    [Decided May 4, 1860.

*Merits, Affidavit of—Practice—Answer.*

A sworn answer is not a compliance with the rule, which requires before a defendant
    in default, be let in to defend, he shall make and file an affidavit of merits.
An affidavit of merits is required as well in an equity case as in a case at law, under
    the code.

This was an action commenced by Luke Mowry against
John P. W. Hill and wife to foreclose a mortgage.  The com-
plaint was in the usual form, and verified, and served on the
13th of May, 1859.  On the 13th of September, the defend-
ants moved to dismiss the summons for irregularity in its
form, which was over-ruled on the 14th, and on the same day
the plaintiff entered judgment for the amount of the mort-
gage for want of answer.  On the 16th, Hill served an answer
sworn to, and an affidavit of one of his attorneys that
the motion to dismiss the summons was made in good faith
and in the belief that it would have been granted by the
court; that the order denying the motion was made in his ab-
sence from the court, and if he had been present he would
have asked leave to have filed the answer.  That Hill had
stated his case and defence, and he believes he could sustain
by competent testimony the several allegations of the answer.
That he believed great injustice would been done Hill, unless
he were permitted to answer the complaint.  The answer de-
nied that the mortgage was duly executed, acknowledged and
delivered, that at the date of the mortgage there was any
thing due to the plaintiff as a consideration.  It further deni-
ed, that the consideration of the promissory note mentioned
in the complaint, was a pre-existing debt, then due the plain-
tiff by the defendant, of about $750, and $250 of the capital
stock of the Watertown and Madison Railroad Company,
which stock, this defendant, at the time of giving the note,
purchased of the plaintiff, for the price and consideration of
$250.  At the time and before the giving of the note, the

Mowry vs. Hill et al.

plaintiff, to induce the defendant to purchase the stock, and with intent to deceive and defraud the defendant, falsely represented to the defendant, that the railroad company was then in a good and solvent condition, and that the capital stock thereof was then worth 100 cents on the dollar, and that the $250 of stock was then worth the sum of $550, and that the defendant relying upon the representations as true, and being otherwise ignorant of the condition of the company, and the value of the stock, then purchased and paid for the same, at the price stated. At the time of the purchase of the stock and the giving of the note, the railroad company was not in a good and solvent condition, and the stock was not then worth 100 cents on the dollar; and the $250 of said stock was not then worth the sum of $250, all of which the plaintiff well knew; but on the contrary, the railroad company was in a bad and insolvent condition, and the stock thereof had not then, nor has it since had, any market value whatever, and was then and ever since has been unsaleable, and was not then, nor has it at any time since then been worth to exceed five cents on the dollar; and the said $250 thereof, purchased by this defendant, was not then, nor has it since been worth more than $12,50 and the stock has, since the giving of the note, become and now is entirely worthless and of no value whatever.

The circuit court refused to set aside the judgment, and admit the answer. From which the defendant Hill appealed to this court.

*Collins, Atwood and Haskell,* for the appellant.

The county court erred in refusing to vacate the judgment, and allow the appellant to defend the action. It has always been the practice of courts, under the common law, to grant, on proper application, the relief prayed for by the appellant, when the judgment had been rendered against the defendant through his mistake, inadvertence, surprise or excusable neglect. In this state the authority is conferred upon the courts. by the statute. The application, in this instance, conformed in every particular, to the most rigid rule adopted in the practice. *R. S.*, chap. 125, § 38 ; *Kemp vs. Squire,* 1 Ves. 205; *Anon.* id. 325 ; *Beekman vs. Beck,* 3 J. C. R., 415 ; *Millspaugh vs. McBride et al.,* 7 Paige 509 ; *The Sea Ins. Co. vs. Stebbins et al.,* 8 id. 565 ; *McGaffigan vs. Jenkins,* 1 Barb., 31 ; *Lynde vs. Verity et al.,* 3 How. Pr., 350 ; *Allen vs. Ackley, et. al.,* 4 id.,.

5; *Grant vs. McCaughin*, id., 216; *Church vs. Rodes et al.*, 6 id., 281; 1 Whittaker's Practice, 452; 2 id., 87.

2. The answer of the appellant was sufficient in substance and in form. It traversed material allegations in the complaint, without proving which, the respondent could not have recovered a judgment for any amount. R. S., chap. 125, § 10; *Kellogg vs. Church*, 4 How. Pr., 339; *Robinson vs. Frost*, 14 Barb., 536; Abbott's Pl., 23, note; *Wood vs. Whiting*, 21 Barb., 190.

3. The answer sets forth a valid and meritorious defence to a part of the action. It alleges that the respondent before and at the time, &c., to *induce* the appellant to *purchase* said stock and with intent to *deceive* and *defraud* him, *falsely represented*, &c.; that the appellant *relied* upon said representations *as true* and *was otherwise ignorant*, &c., that thus relying on such representations, he purchased said stock, &c., that *all* said representations *were false* and respondent *knew* them to be so at the time, &c. The law is that where the vender falsely misrepresents material facts, for the purpose of deceiving the vendee, and on which the vendee relies, he is guilty of fraud, and this too, whether he knew such misrepresentations were false or not. *Schneider vs. Heath*, 3 Camp., 508; *Evans vs. Bicknell*, 6 Vesey, 182; Story on Contracts, §§ 506, note, 507, 8, 9, 10, 11; Story's Ex. Ju., §§131, 2, 4, 204, 7; *Snyder vs. Findlay*, 1 Coxe, 48, 51; *Lockbridge vs. Foster*, 4 Scam., 570, 73; *Hazard vs. Irwin et al.*, 18 Pick., 95; *Hough vs. Richardson*, 3 Story, 690, 1; *Smith vs. Richards*, 13 Peters, 38; *White vs. Merrit et al.*, 3 Seld., 351; *Smith vs. Marriner*, 5 Wis., 551; *Miner vs. Medbury*, 6 id. 295.

4. The appellant by retaining the stock, after he discovered the fraud that had been practiced upon him by the respondent, waived thereby only his right to rescind the contract, but not his right to recover damages occasioned by the fraud. *Havelock vs. Geddes et al.*, 10 East, 555; *Poulton vs. Lattimore*, 9 Barn. & Cres., 259; *Fielder vs. Starkie*, 1 H. Bl. 17; Story on Sales, §§ 439, notes 1, 2; *Miller vs. Smith*, 1 Mason, 437; *Waring vs. Mason*, 18 Wend., 425; *Whitney vs. Allaire*, 1 Coms., 312.

*Johnson, Harris & Rollins*, for the respondent.

*By the Court*, PAINE, J. The judgment, for want of an answer, in this case, seems to have been regularly entered.

The motion to dismiss the summons having been determined, and the time for answering having expired, the plaintiff was entitled to judgment for want of an answer. But it is very clear that under the peculiar circumstances, the defendant should have been let in to defend, on a proper application, showing merits and good faith.

He presented a sworn answer, but no affidavit of merits. His counsel concedes that the rule is established in cases at law, that an affidavit of merits is required to sustain such an application. But he contends that this doctrine does not apply to equity cases, and that a sworn answer, setting up a defence, is sufficient, as it was by the practice before the code.

But we do not think any such distinction in matters of practice should be retained. It was undoubtedly the intention of the legislature, in adopting the code, to abolish all distinction between legal and equitable actions, as far as was consistent with the inherent differences between the natures of the two kinds of remedy, and with the constitutional powers of the courts in administering them. With these limitations, it was the intent to establish a uniform system of practice, applicable to all actions. And the question here presented is a mere question of practice.

The authorities have established the rule, that on such an application, an affidavit of merits should be filed, and that a sworn answer does not supply its absence. The reason for this, given in *Jones vs. Russell*, 3 How. Pr., 324, is, that " a defendant may swear to the truth of his answer, without believing that he has a defence on the merits." And it is obvious that this is so. A party may be able to swear to a state of facts, in his answer, which amounts to a defense, yet know at the same time that the plaintiff would be able to avoid them entirely by proof of other facts, of which his answer would make no mention. And it is very plain, that the reason for the rule is precisely the same, whether the case

be an equity or a law case. And as we regard the rule as just and salutary, we are not inclined to recognize any distinction between the two classes of cases in this respect. And no authority decided in any of the various states which have adopted the code, has been furnished, justifying the continuance of any such distinction.

And we think the answer presented in this case furnishes some reason in favor of our conclusion. The denial of the execution of the mortgage, and the indebtedness thereon, is so framed as to justify the suspicion that it is based upon some supposed error in its description, in the complaint; and if so, that certainly would afford no ground for opening the judgment.

And it is not entirely clear that the allegations in regard to the sale of stock amount to such a fraud as would avoid the contract. The representations complained of, seem to be little if anything more than a statement that the stock was of greater value than it really was. And representations as to value, where there was no representation as to any material fact concerning the character of the property, have not generally been held to constitute such a fraud as would avoid the contract, even though the value was greatly exaggerated. It is true it states that the plaintiff, at the time of the sale of the stock, represented that the Madison and Watertown R. R. Co. "was in a solvent condition." But this might have been true, and still the stock have been worthless. The value of the stock of a company depends upon the value of its property over and above its debts. It is very questionable, therefore, whether there is any such fraud alleged here, as courts could relieve against, and whether it is not rather a case where the maxim, *caveat emptor*, applies.

But upon these points we do not of course decide as though they were essential to the determination of the case. We simply refer to the character of the answer, as not being

such as ought to supply the place of an affidavit of merits, or to induce us to establish any distinction in that respect between law and equity cases.

The order is affirmed, with costs.