## THE TOWN OF OMRO vs. WARD.

An affidavit that defendant was prevented from being present at the trial of the cause by an unavoidable railroad accident, shows a sufficient ground for vacating a judgment against him on default, if it appears that he has a good defense.

*It seems* that an affidavit of merits is not necessary, on excusing a default, if the answer itself shows merits, and is verified; or if other affidavits on file in the cause, and made a part of the papers on which the motion to vacate the judgment is based, are sufficient, with the answer, to show a good defense.

Where an affidavit showing merits was filed upon a motion to continue the cause, and such motion was denied and a judgment taken against the defendant on default, which was subsequently vacated on his excusing the default, and it appears that said affidavit of merits was actually used on hearing the motion to vacate, though not regularly made a part of the motion papers, this court reverses the

order vacating the judgment, but without prejudice to defendant's right to renew the motion.

APPEAL from the Circuit Court for *Winnebago* County.

Judgment was rendered against defendant in this cause, on his failure to appear when the cause was called for trial, December 22, 1863. Afterwards he moved to set aside the judgment, and for a new trial, on an affidavit of Frank W. Riddle, Esq., showing that he had been employed, as an attorney in the cause, to be present when it was called and procure, if possible, a continuance of the same, upon an affidavit made for that purpose and filed in the cause on the 22d of December; and that he took the train from Milwaukee to Oshkosh (the place of trial) on the 21st, in time to reach the latter city on the evening of that day, but that the train was detained by an accident upon the road, so that he was not able to reach the court room until after the judgment was entered. The printed case does not contain the affidavit for a continuance; and the papers sent up on the appeal are no longer on file in this court. The circuit court set aside the judgment and granted a new trial; and from this order the plaintiff appealed.

*Chas. W. Felker*, for appellant. [No brief on file.]

*Matt. H. Carpenter*, for respondent.

*By the Court*, COLE, J. The motion to set aside the judgment appears to have been founded solely on the affidavit of Riddle. This shows a perfectly satisfactory reason why he did not reach the place of trial until after the cause was reached and judgment rendered. His detention was in consequence of an unavoidable accident on the railroad, which prevented him from making his connection at the Minnesota Junction. Therefore due diligence was shown.

It is insisted that the judgment should not have been set aside without an affidavit of merits accompanying the motion. Such an affidavit upon taking off a default was formerly held to be indispensable (*Mowry v. Hill*, 11 Wis., 146; *Burnham*

*v. Smith,* id., 258; *Johnson v. Eldred,* 13 id., 482; *Butler v. Mitchell,* 15 id., 355); but probably the practice has been changed in this respect by chap. 211, Laws of 1861, where the answer itself shows merits and is verified. The language of the answer is a little peculiar in view of the allegations in the complaint, and is hardly such as to entitle the party to have the judgment set aside upon it alone. We find, however, among the papers, an affidavit made by *Ward* for the purpose of procuring a continuance of the cause, which appears to have been filed the day judgment was entered. It was stated by the counsel for the respondent that this affidavit was actually read and considered by the court on the hearing of the motion. This affidavit, together with the answer, shows a good defense, and if it were included in the motion papers we should have no difficulty in affirming the order appealed from. But it never was made a part of the motion papers, and consequently we cannot consider it on this appeal. If it was really used upon the motion, it should have been included in the motion papers. *Shewey v. Manning,* 14 Wis., 448. It is very clear that as it now stands it is not a part of the motion papers. Nor does chap. 114, Laws of 1862, help the matter. That provision renders it unnecessary to serve as a part of the motion papers copies of all such papers as have been previously served in the action. But the affidavit of *Ward* had not been previously served, and therefore this law has no application to the case. Under all the circumstances we have concluded to reverse the order of the circuit court, but with leave to the respondent to renew the motion upon an affidavit of merits.

The order of the circuit court is therefore reversed, without prejudice to the right of the respondent to renew the motion should he so desire.