SUPERIOR CONSOLIDATED LAND COMPANY, Respondent, vs. DUNPHY, imp., Appellant.

*April 14 — May 1, 1896.*

*Vacating judgment: Court commissioner: Discretion: Review: Laches: Authority of attorneys to stipulate for judgment: Sufficiency of showing for relief.*

1. An order of a court commissioner granting relief from a judgment, under sec. 2832, R. S., is subject to review by the court, and the order of the court when made stands as its proper exercise of discretion upon the merits of the application, and will not be disturbed except for an abuse of such discretion.

2. A defendant in an action commenced in June, 1893, after being advised by his attorneys, who appeared for him, that he had no defense, and without putting in any answer, went to another state for his health, and gave the case no further attention except to write one letter to his attorneys stating a supposed defense which, upon investigation, they did not deem available. He returned in April, 1894, but did not inquire what had become of the action until the following July, when he learned that judgment had been rendered against him in February. In November, 1894, he applied to have the judgment set aside and for leave to defend. Nothing beyond his ill health was shown to excuse his neglect, and it did not appear that he was incapable of giving proper attention to his defense. *Held,* that he had been guilty of such laches as to bar his claim for relief.

3. Whether defendant's attorneys had authority in such case to stipulate for the entry of the judgment need not be determined, the only effect of their stipulation having been to postpone such entry.

4. An application under sec. 2832, R. S., by a defendant who failed to answer, to be relieved from a judgment against him and allowed to defend should be based upon an answer verified upon his own personal knowledge, or upon the affidavit of some one having personal knowledge of the facts, a showing upon information and belief not being sufficient; and the practice in this respect is the same in legal and in equitable actions.

APPEAL from an order of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

This is an appeal from an order vacating and setting aside an order of a court commissioner setting aside a judgment rendered against the defendant and one Keough, as sureties of Henneberry & Vaughn, to the plaintiff, for the faithful performance by said Henneberry & Vaughn of a building contract; the breach alleged being that the contractors had failed to pay the Scott & Holston Lumber Company a claim of $1,080 for materials, which had become a lien on the building, and which the plaintiff had been obliged to pay. The action was commenced June 10, 1893, and it appeared that the defendant retained a firm of attorneys to defend the action, and that he "stated to them his defense thereto, and was advised that he had a good defense," and relied on them to put in an answer; that during the following month, being ill, pursuant to medical advice he left Superior, where he resided, and went to Denver, Colorado, to regain his health, and remained there for that purpose until April 4th of the next year; that he wrote to his attorneys, giving them his address, and he relied on them to attend to the case and notify him when the trial would be had, and that July 18, 1894, he discovered for the first time that judgment had been entered against him February 28, 1894, for the amount demanded in the complaint and costs, under a stipulation of his attorneys, alleged to have been unauthorized; that he employed his present attorney July 26, 1894, and, as soon as he could get definite information as to alleged changes in the plans and specifications of the building contract, he made an application, November 10, 1894, founded on the foregoing facts and on a proposed answer, to set aside the judgment and for leave to defend.

The answer was verified, and set up two defenses, but both upon information and belief only: (1) The alteration of the building contract and specifications without his knowledge or consent, after he had signed the bond, whereby the cost of the building was very considerably increased. (2) That

by the building contract it was provided that the plaintiff had a right to retain, out of any payment that became due to the contractors, sufficient to indemnify it against any claim or lien against the building and premises; that it had enough in its hands due the contractors to pay the claim of the Scott & Holston Lumber Company, but voluntarily paid the same over to the contractors, knowing at the time that they were insolvent and nonresidents of the state, and had no property therein.

The affidavit of the plaintiff's general manager was read in opposition, to the effect that, about the time the building was completed, he heard that the contractors had not paid in full for the work and materials, and he refused to pay them any more money, except for claims which were liens on the building; that one of the defendants, Keough, said to him that he was afraid all claims were not paid, but did not formally notify him not to pay over any more to the contractors, but thereafter no money was paid except to satisfy claims for which parties were entitled to liens. The affidavit of one of the attorneys employed by the defendant. *Dunphy* was read, to the effect that his firm appeared for both defendants, and, upon as thorough investigation as he was able to make at the time, he advised both defendants that he did not think there was any defense to the action, and that they had better obtain from the plaintiff as long time as possible, and that Keough told him to do whatever he thought best; that he wrote *Dunphy* about stipulating for judgment and further time, but did not hear from him for some time; that, acting upon what he believed to be his authority, he entered into a stipulation for judgment, the entry of which was to be stayed until the October term; that prior to that term the defendant *Dunphy* sent him a letter he had received from one of the contractors, in substance that the building had not been completed according to the original contract, that there had been considerable

extra work and materials, and changes in the plans; that he then further investigated the facts, and had conversations with such contractor on the subject, and again came to the conclusion that there was no defense to the action, and he abandoned his previous purpose of applying to the court to be relieved from the stipulation, and, after the October term, he had further conversations with said contractors, the defendant Keough, and Mr. Manwaring, the plaintiff's attorney, and he was still of the opinion there was no defense to the action, and within a few days so wrote to the defendant *Dunphy*, to his address in Colorado. The affidavit of Mr. Manwaring was to the effect that *Dunphy* had offered to compromise the case, and always expressed his willingness to pay his half; and that there was nothing stated in the affidavits or proposed answer that was not fully understood by defendant's attorney and investigated and considered by him prior to the date of the judgment.

The defendant *Dunphy* deposed, in reply, that he never received any letter from his attorneys in respect to a stipulation for judgment, and never authorized it. It appeared that the defendant, after his return, obtained a release of certain of his real estate from the lien of the judgment, and stipulated that such release should not affect its lien on the rest of his lands.

The court commissioner allowed the defendant to file his answer and try the case on condition that he pay $31.45 costs, and that the judgment stand as security for what the plaintiff might recover. Upon a motion to review said order, the court entered an order vacating it, with $10 costs; and from this order the defendant *Dunphy* appealed.

*John Brennan*, for the appellant, contended, *inter alia*, that as the court commissioner has the same power as the court to vacate a judgment under sec. 2832, R. S., his action should not be disturbed by the circuit court unless it appears that he has abused the discretion vested in him. *Freiberg*

*v. Le Clair,* 78 Wis. 164; *Cleveland v. Hopkins,* 55 id. 387; *W. W. Kimball Co. v. Huntington,* 80 id. 270; *Whereatt v. Ellis,* 70 id. 207.

For the respondent there was a brief by *Catlin, Butler & Lyons,* and oral argument by *T. E. Lyons.*

PINNEY, J. 1. The application of the defendant for relief is under R. S. sec. 2832, on the ground that the judgment was entered against him through his inadvertence or excusable neglect. While the court commissioner may make an order granting relief in such cases, his order is subject to review by the court on motion, and the order of the court, when made, stands as its proper exercise of discretion upon the merits of the application. The order appealed from was one within the discretion of the trial court, and its refusal to grant the application will not be interfered with on appeal, unless it is manifest that such discretion has been abused. *Wheeler & W. Mfg. Co. v. Monahan,* 63 Wis. 194. Unless the neglect or default of the defendant is excused, and a verified answer is tendered showing a defense on the merits, the court ought not to interfere. *Seymour v. Chippewa Co.* 40 Wis. 62, 65; *Union L. Co. v. Chippewa Co.* 47 Wis. 246, 248; *Milwaukee Mut. L. & B. Soc. v. Jagodzinski,* 84 Wis. 35; *Day v. Mertlock,* 87 Wis. 583.

The defendant was guilty of such laches, we think, as to bar his claim for relief. After the action had been commenced and attorneys appeared for him and his codefendant, he left the state and went to Colorado for his health, leaving his attorneys, who had advised him that they did not think there was any defense, to discover one if they could, as well as the evidence to support it, and without putting in any answer. He gave the case no further attention, except to write to one of his attorneys a single letter. After his return, in April, 1894, it seems it did not occur to him to see his attorneys, or inquire what had become of the

Superior Consolidated Land Co. vs. Dunphy.

action, until the following July, when it appears he first learned of the existence of the judgment; and this application was not made until the following November. It is not necessary to consider whether his attorneys had a right, under the circumstances, to stipulate for the entry of judgment, as they did, after consulting with his codefendant, for whom they were acting, obtaining thereby a very considerable delay, having become satisfied in the meantime, by repeated investigations, that there was no defense to the action. We regard the case as in the same plight as if no stipulation had been made. But for the stipulation, judgment must have passed against him six months earlier. He has lost nothing by it, and has no right, under the circumstances, to complain of it. Beyond sending to his attorneys, in October, a statement of a supposed defense which, on investigation, did not appear to be available, he did nothing whatever in defense of the action; and, beyond his condition of ill health, nothing is shown to justify or excuse his neglect. It does not appear that, during all this period of delay, he was incapable of giving proper attention to his defense.

2. The defenses sought to be interposed after such neglect and delay are alleged upon information and belief only, and nothing was produced in support of the answer to show that either of them could probably be established. It was necessary, in order to obtain the desired relief, to show that he had a good defense on the merits, and the application should have been based either upon an answer verified upon personal knowledge of the party himself, or upon an affidavit by some one having personal knowledge of the facts, for the application could only be granted if the ends of justice seemed to require it, and not merely on the ground that the party might possibly be able to make out a defense. A showing upon information and belief is not sufficient. *Johnson v. Eldred,* 13 Wis. 482, 485; *Stilson v. Rankin,* 40 Wis. 527; *Loucheine v. Strouse,* 49 Wis. 623; *Pinger v. Vanclick,* 36

Wis. 141, 144. There is no difference in practice in these respects, as was suggested in the argument, between legal and equitable actions. *Mowry v. Hill*, 11 Wis. 149, 150.

It does not appear that there was an improper exercise of discretion on the part of the court, and for these reasons the order appealed from must be affirmed.

*By the Court.*— The order of the circuit court is affirmed.

MARSHALL, J., took no part.