MENASHA WOODEN WARE COMPANY, Appellant, vs. MICHEL-
　　　STETTER and another, Respondents.

*November 18—December 12, 1905.*

*Judgment by default: Vacating: Discretion: Terms.*

1. Upon appeal from an order setting aside a judgment by default
   on the ground that defendants' failure to answer was due to
   plaintiff's promise, made after an attempt at settlement, that
   he would take no further steps without notifying defendants,
   the evidence is *held* not to be so clearly against the trial court's
   conclusion of fact as to justify this court in reversing the
   order.
2. Relieving defendants from their default on such a ground was
   not an abuse of discretion.
3. On relieving defendants from a judgment by default the court
   should impose terms which will reimburse plaintiff such ex-
   penses in taking the judgment as will be rendered futile by
   its vacation, together with reasonable motion costs.

APPEAL from an order of the circuit court for Outagamie
county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

In February, 1902, plaintiff commenced an action against
the defendants, copartners, for the recovery of damages for
breach of warranty in a contract to sell a large amount of per-
sonal property. Negotiations for settlement ensued for sev-
eral days, but terminated by the refusal of the defendants to
assent to the offer of settlement made by plaintiff, whereupon
defendants' counsel, in the same presence, announced to them
that they had but three or four more days to enter their ap-
pearance, after which plaintiff would be entitled to judgment
by default. No appearance was entered, and in February,
1903, default was established and proof offered in open court
and judgment taken for the amount demanded by the com-
plaint. On September 3, 1904, defendants moved to set
aside the judgment and to permit them to answer, on the
ground that their neglect to defend was due to their reliance
upon an alleged promise by the plaintiff to take no further

steps in the action without notifying them. They accompanied such motion by answer setting up a good defense. By counter affidavits the plaintiff denied the making of any such promise. The court, however, granted the motion to the extent of relieving from the default, permitting answer, and retaining the judgment meanwhile as security. As terms of such permission defendants were required to pay plaintiff $7 of taxed disbursements included in the judgment and also $25 as motion costs. From such parts of this order plaintiff brings this appeal.

*Silas Bullard,* for the appellant.

*John Bottensek,* for the respondents.

Dodge, J. We could not doubt abuse of discretion in relieving defendants from the probable results of such complete and protracted neglect as the record discloses, unless the trial court was convinced that their inaction was, as claimed, induced by plaintiff's assurance that it would take no further step in the pending action without notice to defendants; we must therefore indulge the presumption that the court did so find, unless, indeed, the evidence so clearly and overwhelmingly preponderates against that conclusion of fact as to require reversal of an express finding thereon under the familiar rules governing review of trial courts upon questions of fact. The evidence in support of the existence of such a promise or agreement consists of the direct testimony of the defendant *Michelstetter;* the very inaction complained of whereby defendants for nearly a year subjected themselves to daily peril of the entry of a judgment very much greater than the amount at which they knew they could settle; the forbearance by plaintiff for a like period to exercise its right to take judgment and collect its money, absolute if no such promise had been made; and also the conduct of plaintiff both before and after the judgment during some two years in dealing with one of the defendants and paying to him considerable sums of

money, when, in absence of some understanding to the contrary, his duty to pay plaintiff some $2,000 was absolute and instant.    On the other hand is the direct denial by Charles R. Smith of the making of such promise, and the practically direct testimony of Mr. Hilton that none was made at the time and place specified by *Michelstetter,* and that the parties at that time separated with the fact expressly declared by Mr. Hilton, in presence of both and not contradicted, that unless defense were made within three or four days plaintiff would have right to enter up judgment.    While this evidence might adequately have warranted the contrary, we cannot say that the conclusion reached by the trial court is without evidence in its support, or that such evidence is so overwhelmingly rebutted and overcome as to justify this court, on appeal, in setting that conclusion aside.    If such promise was made, we cannot say that the trial court abused its discretion in relieving from the default.

On the question of terms, it was the duty of the trial court to make such imposition as would reimburse plaintiff such expenses incurred in taking the default judgment as would be rendered futile upon its vacation, together with reasonable motion costs.    *Bloor v. Smith,* 112 Wis. 340, 87 N. W. 870. Whether the $25 imposed in addition to taxed disbursements was sufficient to that end was much more fully within cognizance of the trial court than of this, since the affidavits contain no information what expenses were incurred in making the necessary proofs and for the professional services involved in entering up the default judgment.    We cannot, on the record before us, convict the trial court of error in this respect.

*By the Court.*—Order appealed from is affirmed.