PHILLIPS, by guardian *ad litem,* Respondent, vs. PORTAGE Transit Company, Appellant.

*November 11—December 1, 1908.*

*Service of process: Foreign corporations: "Agent:" Personal service: Pleading: Complaint: Prayer for relief: Verification by guardian ad litem: Default judgment: Proof of cause of action: Opening default: Meritorious defense: Answer: Allegations on information and belief: Discretion.*

1. Under subd. 13, sec. 2637, Stats. (1898), providing that service of summons on foreign corporations not otherwise specified may be made upon any agent having charge of or conducting any business for such corporation within the state, the captain of a vessel of a corporation plying on the Great Lakes and stopping to receive or discharge cargo at ports within this state is an agent within the calls of the statute.

2. Where service of a summons is properly made upon the captain of a vessel plying on the Great Lakes and stopping to receive or discharge cargo at ports within the state, it is unnecessary, on an application to set aside the service of the summons, to consider the effect of a general appearance.

3. In an action against a corporation, where the service of the summons has been made upon an agent designated by the statute as a proper person upon whom service could be made, the service is personal within the meaning of the statute authorizing entry of judgment by default.

4. In an action for personal injuries brought by the guardian *ad litem* of a minor, the allegations of negligence in the complaint, stated in the opinion, are *held* sufficient, in the absence of any objection before verdict.

5. In an action for personal injuries the complaint was not served with the summons, and never served upon the defendant, and the prayer for relief, instead of closing with the usual demand for damages, contained the phrase "in all to his damages five thousand dollars." Judgment was entered on default, and on motion to set aside the judgment it was insisted that the complaint contained no demand for relief within the calls of sec. 2646, Stats. (1898). *Held,* whether such prayer would have been sufficient in a case where the complaint had been served with the summons and judgment taken by default—a point not decided—the defendant was in no way prejudiced, and hence under sec. 2829, Stats. (1898), the defect, if any, should be disregarded.

6. A guardian *ad litem* verifies as a party and the rules respecting verification by a party apply; and hence, if the guardian *ad litem* verifies a complaint positively and of his own knowledge, it is properly verified.

7. On a motion to set aside a judgment entered on default it appeared, among other things, that the complaint was duly verified and that the evidence offered was ample and sufficient to support the verdict of the jury on the amount of damages found. *Held:*

(1) Under sec. 2891, Stats. (1898), plaintiff was obliged only to make proof of his damages.

(2) Even if plaintiff proved more than he was obliged to, the evidence offered did not negative and in no way affected his right to recover.

(3) It was not error to refuse to set aside the default judgment.

8. On a motion to set aside a default judgment the allegations of the answer were very meager upon the facts going to the defense, and were upon the information and belief of the president of the defendant corporation, who, it appeared from the record, had no personal knowledge thereof, although conclusions of law were stated positively upon the knowledge of the pleader. There was no affidavit produced to support the allegations of the answer as to the merits of the defense. The trial court was of the opinion that the ends of justice did not require that the judgment be set aside, or that such excuse had been shown as called for the exercise of the court's discretion in defendant's favor. *Held*, that the motion was addressed to the sound discretion of the trial court, and that there was no abuse of discretion in denying the motion.

APPEAL from orders and a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This action was commenced for the recovery of damages on account of personal injuries alleged to have been sustained by plaintiff, *Frank Phillips,* at De Pere, Wisconsin, on or about the 11th day of August, 1906, through the negligence of defendant. The summons was served by the sheriff of Manitowoc county upon one W. J. Cowles, captain of defendant's steamer, on the 28th day of September, 1906, at the city of Manitowoc, Manitowoc county, Wisconsin. The

complaint was not served with the summons. The defend-ant failed to appear and the case was brought to trial at the 1906 general term of the circuit court for Brown county at Green Bay, Wisconsin, before Hon. SAMUEL D. HASTINGS and a jury, and judgment rendered in favor of the plaintiff on the 3d day of December, 1906, for the sum of $2,500 damages, together with costs, taxed at $37.72, aggregating $2,537.72. On the 9th day of November, 1907, the de-fendant appeared specially and moved that the service of the summons as well as the judgment be vacated and the action dismissed for the reason that the summons had never been served upon the defendant and that the court acquired no jurisdiction of the action. On the 25th day of November, 1907, the motion was denied with $10 costs. On January 22, 1908, defendant served notice of the entry of the order denying the motion of defendant to set aside the service of the summons and refusing to vacate the judgment. On No-vember 30, 1907, defendant appeared and filed with the court an order to show cause why an order should not be made vacating and setting aside the judgment and opening the default and allowing the defendant to defend, which motion was denied with $10 costs. On April 1, 1908, notice of the entry of this order was served upon plaintiff. Ex-ceptions were filed to said orders, and defendant appealed from the judgment and both orders.

For the appellant the cause was submitted on the brief of *Markham & Markham* and *A. L. Hougen.*

*M. E. Davis,* for the repondent.

KERWIN, J. 1. The first claim made by counsel for appel-lant is that the order refusing to set aside the service of the summons was erroneous. This claim is based upon the con-tention that the captain was not a person, within the mean-ing of the statute, upon whom service could be made. Subd. 13, sec. 2637, Stats. (1898), provides, in effect, that service

upon a foreign corporation of a class to which the defendant belongs may be made upon any agent having charge of or conducting any business for such corporation within the state. It appears very clearly from the record that the captain of the boat was such an agent within the meaning of the statute. He was, at the time of the service and prior thereto, conducting business of the defendant corporation within the state, therefore was an agent upon whom service could be made. Subd. 13, sec. 2637, Stats. (1898); 20 Am. & Eng. Ency. of Law (2d ed.) 199. The service upon the captain being good, it is unnecessary to consider the effect of a general appearance.

2. It is further insisted that the court below erred in its order refusing to set aside the judgment entered by default for several reasons, namely: (1) that the service was not personal; (2) that the complaint did not state a cause of action; (3) that there was not sufficient proof to warrant the entry of judgment. The service having been made upon an agent designated by the statute as a proper person upon whom service could be made, the service was personal within the meaning of the statute authorizing entry of judgment by default. The complaint stated a good cause of action. It stated, in effect, that the plaintiff was a minor and that the action was brought by the guardian *ad litem* duly appointed; that the defendant was a foreign corporation, organized under the laws of the state of Ohio, and was the owner of and engaged in operating a steam vessel known as the Portage; that on or about the 11th day of August, 1906, while said steamer was at the docks of the Co-Operative Coal Company in the city of De Pere, Brown county, Wisconsin, and the defendant engaged in loading and transferring blocks of ice from the dock to the upper part of the steamer, the plaintiff, at the same time being engaged as employee of said Co-Operative Coal Company, was injured by the careless and negligent handling of ice by the defendant in such manner.

as to cause a large block thereof to fall upon him, seriously injuring him, in consequence of which he suffered great pain and anguish of body and mind, and was permanently lamed and crippled so as to unfit him for performing manual labor, in all to his damage $5,000. Objection is made to the complaint on the ground that it fails to set forth the particular facts of negligence relied upon. Whether the complaint would have been subject to a motion to make more definite and certain we need not determine, because we are convinced that, in the absence of any objection before verdict, the allegations of negligence were sufficient. It is insisted that the complaint contained no demand for relief and was not properly verified. Instead of closing with the usual demand for damages it contains the phrase "in all to his damage five thousand dollars," and it is insisted that this is not a sufficient demand for judgment under sec. 2646, Stats. (1898), which provides that the complaint shall contain a demand of the judgment to which the plaintiff supposes himself entitled, and, if the recovery of money be demanded, the amount thereof shall be stated. Sec. 2886, Stats. (1898), also provides that the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; and sec. 2829 provides that the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and that no judgment shall be reversed or affected by reason of such error or defect. In the instant case the complaint was not served with the summons and was never served upon the defendant, but was filed at or shortly before the trial. So it is very clear that the defendant could not by any possibility have been prejudiced by the defect complained of respecting the demand for judgment. It is true the demand was not in the usual and customary form, and whether it would have been sufficient in a case where the complaint had been served with

the summons and judgment taken by default we do not find necessary to decide, since we are very clear that the defend-. ant was in no way prejudiced.

The complaint was verified by the guardian *ad litem* positively and of his own knowledge.  It is argued by appellant that this was not a good verification, but that the verification should have been made by the infant plaintiff, and it is urged that the guardian occupied the position of an agent of the plaintiff and therefore it was necessary that he should have stated his knowledge.  We do not think the rule contended for by appellant applies in the case of verification by a guardian *ad litem,* but that the guardian *ad litem* verifies as a party.  Therefore the rules respecting verification by a party apply.   22 Cyc. 685;  *Clay v. Baker,* 41 Hun, 58;  *Turner v. Cook,* 36 Ind. 129.

It appears from the record before us that the defendant did not appear prior to the entry of judgment, and that the case was placed upon the calendar for trial and due proof made of the default and the damages assessed by a jury.  It is claimed by counsel for appellant that the plaintiff in making his proof introduced some testimony relating to the question of negligence in addition to evidence on the question of damages, and that because he offered some evidence respecting his right to recover he was obliged to make a complete case, and having failed to do so he was not entitled to judgment.  We cannot agree with counsel in this contention.  The complaint being duly verified, plaintiff was obliged only, under sec. 2891, Stats. (1898), to make proof of his damages.  *Trumbull v. Peck,* 17 Wis. 265;  *Gorman v. Ball,* 18 Wis. 24;  *Sibley v. Weinberg,* 116 Wis. 1, 92 N. W. 427.   The evidence offered did not negative the plaintiff's right to recover, and it was ample and sufficient to support the verdict of the jury on the amount of damages found.  So, even if it be conceded that the plaintiff proved more than he was obliged to, it in no way affected his right to recover.   We

therefore find no error in the refusal of the court to set aside the service of the summons or the default judgment.

3. It is further strenuously urged that the court below should have opened the default and permitted the appellant to defend. The learned trial judge rendered an opinion on denial of the motion, from which it appears that it was denied because of failure to show mistake, inadvertence, surprise, or excusable neglect, and because there was not a sufficient showing of merits. It appears from the record that at or about the time of the service of the summons and attachment upon the captain, September 28, 1906, the captain consulted with an attorney respecting such service and was advised that the sheriff had no right to make the attachment, and that it was void and the seizure of the boat under the attachment illegal; and he was further advised to have the defendant employ an attorney at Green Bay or elsewhere to move to set aside said service of such summons and attachment. It also appears that on October 1, 1906, the defendant was informed by the captain of the attachment, and defendant instructed the captain to disregard it and to put the sheriff off the boat, and if he would not go when ordered, or could not be put off, to carry him away with the boat. The boat was removed in the absence of the sheriff shortly after the attachment had been made, and nothing further done by defendant respecting the service until long after judgment had been entered. It does not appear that defendant was ever advised that the service of the summons was not good, but defendant paid no attention to it and made no move until long after judgment was rendered. The purpose of the defendant obviously seems to have been to get the boat out of the possession of the sheriff and beyond the jurisdiction of the court and pay no attention to the service. Moreover, the showing of a defense on the motion to open the default was not strong. The court below held that while there were sufficient positive allegations in the answer, if proved, to

constitute a defense, the answer proposed being by a corporation and verification by the president, who it appeared from the record had no personal knowledge thereof, the defendant should have produced on the motion proof of merits. There was also used upon the motion an affidavit of one Sullivan, vessel agent, which practically added nothing to the answer, because all the material averments of it were upon information and belief. From the answer of the defendant as well as the affidavit of Sullivan it appears that the showing of merits was, as held by the court below, practically upon information and belief and not positive.   A showing made upon information and belief, on application to open a default, has been held insufficient. *Superior C. L. Co. v. Dunphy,* 93 Wis. 188, 67 N. W. 428, and cases there cited; *Deering H. Co. v. Johnson,* 108 Wis. 275, 84 N. W. 426. Nor are conclusions sufficient, even though stated positively upon the knowledge of the pleader. Facts should be stated from which the court can see whether a valid defense exists. *Roemer v. Schmidt,* 134 Wis. 1, 114 N. W. 127; *Kremer v. Sponholz,* 129 Wis. 549, 109 N. W. 527. The allegations of the answer were very meager upon the facts going to the defense upon the merits, and necessarily so because of lack of knowledge on·the part of the president.   No affidavit of the parties who knew the facts was produced and no reason given why it was not. The affidavit of the vessel agent is upon information received from the master of the vessel, officers, and seamen, but no affidavit of the master or any seaman was produced.   The allegations of the answer are quite general, simply denying negligence on the part of the defendant and alleging that plaintiff was not at the time of injury engaged as employee of defendant, and that defendant had no control over the loading of the ice.   No affidavit was produced on the hearing to support the allegations of the answer as to the merits of the defense.   The motion to open the judgment was addressed to the sound discretion of the trial court.

*Kremer v. Sponholz, supra; Menasha W. W. Co. v. Michel-stetter,* 126 Wis. 427, 105 N. W. 927; *Buchan v. Nelson,* 114 Wis. 234, 90 N. W. 114; *Rogers v. Fate,* 113 Wis. 364, 89 N. W. 186. We cannot say that such discretion was abused. A default should be opened only if the ends of justice seem to require it. *Superior C. L. Co. v. Dunphy,* 93 Wis. 188, 67 N. W. 428. The court below in its opinion filed held that the ends of justice did not require that the judgment be set aside, or that such excuse had been shown as called for the exercise of the court's discretion in defendant's favor.

We find no abuse of discretion in so ruling. Therefore the orders and judgment appealed from must be affirmed.

*By the Court.*—The orders and judgment appealed from are affirmed.