KOCH, Respondent, vs. WISCONSIN PEA CANNERS COMPANY,. Appellant.

*April 11—May 2, 1911.*

*Discretion: Motion overruled by operation of law: Setting aside verdict: Excusable neglect: Affidavit of merits: Verified answer: Judgment by default: Presumption of prejudice: Vacating: Terms.*

1. Where a motion addressed to the discretion of the circuit court is taken under advisement and no ruling made thereon during.

the term, so that under sec. 2878, Stats. (Supp. 1906: Laws of 1901, ch. 100), it is overruled by operation of law, such constructive denial will be treated on appeal as an exercise of discretion and not as a refusal to exercise it.

2. Upon an application under sec. 2832, Stats. (1898), to set aside a verdict or judgment and for a new trial, the moving party is not required to show. *diligence*, as where a continuance is sought, but it is enough to show *excusable neglect*.

.3. Defendant's attorney, finding that the trial of this case would not begin until the 12th of January, held himself in readiness to try a case in another county which all parties believed would be reached on the 10th and finished on the 11th. Such other case was not reached until the 11th and the trial lasted until the 17th. In the meantime application was made in this case for a continuance, first for a day, which was granted, and then from day to day, which was denied, and with neither defendant nor its attorney present the case proceeded to trial and a verdict for plaintiff. *Held*, that these facts showed excusable neglect and that·the trial court should, upon application, have set aside the verdict upon proper terms.

-4. There being in such case an answer stating a good defense, duly verified on personal knowledge, an affidavit of merits was not necessary.

5. Where a duly verified answer upon personal knowledge has been interposed, denying the material allegations of the complaint, and a judgment is taken by default against the defendant, it will be presumed that he was prejudiced by such judgment.

·6. Upon setting aside a judgment by default, the trial court may, in its discretion, allow in addition to all taxable costs a reasonable sum for attorneys' services in taking the judgment, and also such other sum or sums of money as were reasonably and necessarily incurred in procuring it.

Appeal from a judgment of the circuit court for Manitowoc county: Michael Kirwan, Circuit Judge. *Reversed.*

October 9, 1908, plaintiff began an action for personal injury. A verified answer was duly served October 24, 1908, .and when the case was called for trial at the first term after issue joined it was continued for the term owing to attendance of counsel for defendant in this court. At the next term the parties, at the request of the defendant, stipulated for a continuance. The case was for trial again at the January,

1910, term, when both parties prepared to try it. It was apparent at the opening of the term that the case would not be reached till January 12th, and so Mr. Doe, counsel for defendant, prepared to enter upon the trial of a case in the circuit court for Milwaukee county that was expected to be reached January 10th and finished January 11th. The case was not reached till January 11th and, owing to unforeseen causes, was not finished till January 17th. On January 12th Mr. Doe, through another attorney, asked for a continuance of this case till the next day, which request was granted. On the 13th, when the case was reached, application for a continuance from day to day was made upon an affidavit duly filed. The application was denied by the court, and the case proceeded to trial in the absence of defendant and its counsel. On January 18th Mr. Doe moved to set aside the verdict and for a new trial, requesting a stay of proceedings until such motion could be heard, and asked permission to reduce the motion to writing, which was granted. Subsequently, and on the 1st day of March, 1910, during the said term at which the case was tried, defendant's attorney duly moved upon the exceptions and upon the record, proceedings, minutes of the judge and clerk, and papers on file in said action, including the affidavit of Joseph B. Doe made for the purpose of said motion, for an order vacating and setting aside the verdict of the jury, and for an order granting a new trial on the ground that defendant's default was excusable and that the court had abused its discretion in refusing the application for a continuance from day to day and in proceeding with the trial in the absence of defendant and its counsel. The motion was duly heard by the court on the 8th day of March, 1910, which was a day of the term at which the case was tried. In support of said motion Mr. Doe filed the following affidavit:

"Joseph B. Doe, being duly sworn, says that he is the attorney for the defendant in the above entitled action and is

the only attorney having charge of said cause and the only one authorized or employed to conduct or attend, on behalf of the defendant, any trial of said cause.

"Affiant further says that at all times since affiant was retained to take charge of the defense of said action, he has been and still is under contract to personally attend any trial thereof and conduct such defense.

"Affiant further says that the January term for 1910 of the circuit court for Manitowoc county commenced on Tuesday, January 11th, a jury being called in at 2 o'clock p. m. of Wednesday, January 12th; that upon the printed calendar of said court for said term, the above entitled action was No. 2 of the issues of fact for trial by a jury; that said printed calendar contained twenty-five cases, listed as issues of fact, to be tried by a jury.

"Affiant further says that he is informed by the clerk of said court, and verily believes, that upon the call of the calendar on said January 11, 1910, one criminal case and twenty-one civil cases, including No. 2, were announced to be, and were set down for trial, and that a very considerable number of said cases so marked for trial have since and at said term been tried before the court and a jury.

"Affiant further says that affiant has been retained in and has charge of not to exceed eight cases which are now pending in circuit courts of the state of Wisconsin outside of the county of Milwaukee, in said state.

"Affiant further says that if the application heretofore made for a continuance of the above entitled action for one day and from day to day until affiant should finish the trial of the case of John Ruck v. Milwaukee Brewery Company, in the trial of which affiant was engaged at the time such application was made, had been granted, affiant would have been able and willing to try said cause in said circuit court for Manitowoc county at any time after Monday, January 17, 1910.

"Affiant further says that affiant did attend upon said circuit court for Manitowoc county on Tuesday, January 18, 1910, and on the morning of Wednesday, January 19th, entered upon the trial of the case of Guidinger v. Smalley Manufacturing Company, which said case was No. 8 upon the printed jury calendar of said court at said term.

"Affiant further says that in the case of Ruck v. Milwaukee Brewery Company above referred to, affiant was the only counsel having charge of the case for the defendant and the only one authorized to conduct the defense thereof; that in the trial of said last mentioned cause affiant was not employed by, and in no manner represented, the same client that affiant did represent, and does still represent, in the above entitled action.

"Affiant further says that affiant expected the trial of the case of Ruck v. Milwaukee Brewery Company to commence before Judge HALSEY and a jury on the morning of January 10, 1910, but that the trial of said cause was not actually begun until the morning of January 11th; that the trial of said cause was not finished until January 17, 1910.

"Affiant further says that except for his engagement in the trial of said cause of Ruck v. Milwaukee Brewery Company, affiant was at all times from the opening of said term, on January 11, 1910, until the above entitled action was ordered to proceed without the presence of affiant and disposed of without affiant's presence, ready, willing and anxious to try the above entitled action in said circuit court for Manitowoc county.

"Affiant makes this affidavit to be used in support of the motion for a new trial in the above entitled action."

At the close of the argument the motion was taken under advisement by the court, but no ruling was made thereon during the term, and hence, by virtue of the provisions of sec. 2878, Stats. (1898), as amended by ch. 100, Laws of 1901, it was overruled. Afterwards, on December 5, 1910, judgment was entered on the verdict in favor of the plaintiff. From such judgment the defendant appeals.

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.* They cited, among other cases, *McArthur v. Slauson,* 60 Wis. 293; *Bloor v. Smith,* 112 Wis. 340; *Behl v. Schuette,* 95 Wis. 441; *Cleveland v. Hopkins,* 55 Wis. 387; *Whereatt v. Ellis,* 70 Wis. 207; *Stoppelfeldt v. M., M. & G. B. R. Co.* 29 Wis. 688; *Hinman v. C. H. Hamilton P. Co.* 53 Wis. 169; *Citizens' Nat. Bank v.*

*Branden* (N. D.) 126 N. W. 102; *Barrie v. Northern Assur. Co.* 99 Minn. 272; *Waterson v. Seat,* 10 Fla. 326; *Barto v. Sioux City E. Co.* 119 Iowa, 179; *Douglas v. Badger State Mine,* 41 Wash. 266, 4 L. R. A. N. s. 196; *Soper v. Manning,* 158 Mass. 381.

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *P. H. Martin.* Among the authorities cited by them were 4 Ency. Pl. & Pr. 843; 9 Cyc. 98 and notes 34 to 37 inclusive; *Adamek v. Plano Mfg. Co.* 64 Minn. 304, 66 N. W. 981; *Brock v. S. & N. A. R. Co.* 65 Ala. 79; *Zimmerer v. Fremont Nat. Bank,* 59 Neb. 661, 81 N. W. 849; *El Dorado & B. R. Co. v. Knox,* 90 Ark. 1; *York v. Stewart,* 30 Mont. 363; *Berentz v. Belmont Oil Co.* 148 Cal. 577, 84 Pac. 47; *Jarvis v. Shacklock,* 60 Ill. 378; *Whitehall v. Lane,* 61 Ind. 93; *Culver v. Colehour,* 115 Ill. 558, 5 N. E. 89; *Sharman v. Morton,* 31 Ga. 34; 9 Cyc. 102.

VINJE, J.   We shall assume that the trial court did not abuse its discretion in refusing to grant a further continuance upon the showing made and in proceeding with the trial to judgment.   It will therefore not be necessary to consider and decide a number of questions discussed in the briefs and upon the oral argument.   We shall consider only the question of whether or not, on the showing made therefor, the trial court abused its discretion in refusing the application under sec. 2832, Stats. (1898), to set aside the verdict and grant a new trial upon such terms as might be just.   By reference to the foregoing statement of facts it will be seen that the motion was taken under advisement by the court and no ruling made thereon during the term, resulting in its being overruled under the provisions of sec. 2878, Stats. (1898), as amended by ch. 100, Laws of 1901.   *Kurath v. Gove A. Co.* 144 Wis. 480, 129 N. W. 619.   Under this state of facts a preliminary question arises as to whether or not such constructive overruling by operation of law shall be deemed the

exercise of discretion on the part of the trial court, or a failure or refusal to exercise discretion. Upon reflection we reach the conclusion that it must be deemed the exercise of discretion, and that an appeal under such circumstances stands here on the same footing, and calls for the same relief, as an appeal from an order denying a motion for a new trial. Otherwise, every appeal such as this would have to be reversed on the technical ground that the trial court had failed or refused to exercise its discretion when it should have done so, and the case remanded for the exercise of its discretion upon the application. So we must treat the constructive denial as an actual one.

This brings us to the main question in the case: Should the trial court, in the exercise of a sound discretion, have granted the application for a new trial? Counsel for plaintiff argues that no less should be required of a defaulting party who seeks to obtain relief after verdict or judgment than is required from a party who seeks a continuance in the first instance. This is not correct. In order to obtain a continuance a party must show *diligence*. To obtain relief from a verdict or judgment it is enough to show *excusable neglect*. Sec. 2832, Stats. (1898). In the case at bar we think the defendant has shown excusable neglect. When the January term began at Manitowoc county it was apparent that the case would not be reached till the 12th, at the earliest. With that knowledge in mind, Mr. Doe held himself in readiness to begin the trial of a case in the circuit court for Milwaukee county on the 10th, which all parties believed would be finished on the 11th. That case was not reached till the 11th, and, much to the surprise of all parties concerned, was not finished till January 17th. In the meantime defendant made application for a continuance, first for a day, which was granted, and then from day to day, which was denied. Such conduct on the part of an attorney, under such circumstances, certainly cannot be characterized as inexcusable neglect, and

the trial court should have granted the motion upon proper terms. *Omro v. Ward,* 19 Wis. 232; *McArthur v. Slauson,* 60 Wis. 293, 19 N. W. 45; *Bloor v. Smith,* 112 Wis. 340, 87 N. W. 870.

Counsel for plaintiff contends that the showing made for a new trial was insufficient because no affidavit of merits was filed. The answer of defendant, after making certain admissions and after alleging that it had no knowledge or information sufficient to form a belief as to the existence of certain other facts therein alleged, not relating to the negligence of the defendant, contains this specific denial: "Defendant, further answering, denies each and every allegation in said complaint contained not hereinbefore expressly admitted." This is an express denial of the allegations of negligence contained in the plaintiff's complaint. The answer was duly verified by the treasurer of the defendant corporation to the effect "that the same is true to his own knowledge, except as to those matters therein stated upon information and belief, and as to those matters he believes it to be true." It will therefore be seen that the allegations of negligence in the complaint are denied by the answer duly verified upon personal knowledge. That a verified answer stating a good defense, accompanied by affidavits excusing a party's neglect, satisfies all the requirements of sec. 2832, Stats. (1898), and the practice of this court, has been repeatedly held. *Omro v. Ward,* 19 Wis. 232; *Levy v. Goldberg,* 40 Wis. 308; *Superior C. L. Co. v. Dunphy,* 93 Wis. 188, 67 N. W. 428; *Bloor v. Smith,* 112 Wis. 340, 87 N. W. 870. Plaintiff, to sustain his contention, cites the cases of *Pinger v. Vanclick,* 36 Wis. 141; *Stilson v. Rankin,* 40 Wis. 527; *Superior C. L. Co. v. Dunphy, supra;* *Deering H. Co. v. Johnson,* 108 Wis. 275, 84 N. W. 426; and *Phillips v. Portage T. Co.* 137 Wis. 189, 118 N. W. 539.

In *Pinger v. Vanclick,* 36 Wis. 141, there was no verified answer, and the affidavit of the attorney upon which it was sought to open the default stated that "upon examination of

the testimony given before the justice and from the statement of facts made to him by the defendant he [affiant] verily believes that said defendant has a valid defense to said action upon the merits;" but the affidavit did not show that the defendant stated the whole case to his attorney, or that the statement he made was true, and was therefore properly held to be insufficient.

In *Stilson v. Rankin,* 40 Wis. 527, there was a verified answer upon information and belief only, and it was held that the affidavit of an attorney that, from the defendant's statement of the case to him, he believes that the defendant has a good and substantial defense upon the merits, is not a sufficient affidavit of merits.

In *Deering H. Co. v. Johnson,* 108 Wis. 275, 84 N. W. 426, there was no verified answer, and it was held that an affidavit stating that the executor "believes that justice requires a revision of the case for the reason that there never was any consideration for said notes, and the estate" does not owe the debt, "as said executor is informed and believes," but not stating what information the executor had or any facts justifying his belief, was insufficient.

In *Phillips v. Portage T. Co.* 137 Wis. 189, 118 N. W. 539, it appeared that the allegations of the answer were very meager upon the facts going to the defense and were upon information and belief of the president of the defendant corporation, who, it appeared from the record, had no personal knowledge thereof, and it was held that in the absence of an affidavit of merits to support the allegations of the defense there was no abuse of discretion in refusing to vacate a judgment taken by default. It will be seen from the above cases that either the answer as to the material allegations was upon information and belief or the material allegations of the affidavit of merits were upon information and belief only.

Plaintiff also claims the judgment should not be reversed because there is no showing that the verdict is contrary to the

evidence or that there is any irregularity or error in the proceedings rendering the judgment void or inequitable. Where a duly verified answer upon personal knowledge has been interposed denying the material allegations of the complaint, and a judgment is taken by default against the defendant, a presumption arises from such verified answer and default that the defendant has been prejudiced, and no further proof of prejudice is needed. Presumably a judgment entered in a default case is supported by the evidence, and presumably no error or irregularity appears upon the record sufficient to invalidate it or to show that it is void or inequitable; but that does not in any way rebut the presumption that, under the circumstances stated, defendant was prejudiced by the entry of the default judgment. It will be presumed that a defendant has some competent and material evidence to offer on the issues raised by his verified answer. From what has been said it follows that the trial court should have granted the motion for a new trial upon proper terms.

In imposing such terms trial courts may, in their discretion, allow, in addition to all taxable costs, a reasonable sum for the services of the attorney in taking the default judgment, and such other sum or sums of money as were reasonably and necessarily incurred in procuring it.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter an order granting a new trial upon such terms as may be just.