KHATIB, Appellant, v. FRENN, Respondent.

No. 324. *Argued June 4, 1969.—Decided July 3, 1969.*
(Also reported in 168 N. W. 2d 872.)

---

[4] (1894), 88 Wis. 481, 60 N. W. 799.

608

For the appellant there was a brief by *John K. Brendel,* and oral argument by *Thomas R. Fahl,* both of Wauwatosa.

For the respondent there was a brief by *Barrock & Barrock,* attorneys, and *Maroney & Schiro* of counsel, all of Milwaukee, and oral argument by *Thomas P. Maroney.*

WILKIE, J. A single issue is presented on this appeal. It is whether the trial court abused its discretion when it conditionally vacated its original order dismissing the plaintiff's action, the condition being that the plaintiff first pay costs of $347.91.

On November 7, 1967, the adjourned date for the trial of this matter, the plaintiff and his attorney failed to appear. Thereupon, defendant by his attorney moved for dismissal of the action. That motion was granted and entered in January of 1968. About five weeks after the order of dismissal was entered, plaintiff received notice of this dismissal. Within five days after receiving that notice, plaintiff made the first of a number of motions to reopen the case. On September 25, 1968, the trial court entered an order to the effect that the order of dismissal would be vacated if the plaintiff would pay in full the bill of costs within twenty days and in addition thereto, pay $100 in attorney fees for defense counsel's appearance on motions to reopen the case. The trial court approved costs of $347.91.

Thereafter, plaintiff made various motions to extend the time period in which the taxed costs could be paid and to review the order of September 25, 1968. However, in the order of December 11, 1968, the trial court, in effect, affirmed the terms of the September order but further provided:

"4. That in the event the matter be reopened and the plaintiff subsequently prevailed, the sums paid to the

defendant by reason of the order of September 25, 1968, less such sum paid as attorneys fees therein, shall be taxable by plaintiff as additional allowable costs; . . . ."

The taxed costs and attorney fees are as follows:

| | | |
|---|---|---|
| 1. Service of subpoena | $ | 5.20 |
| 2. Service of motion | | 2.60 |
| 3. Court Commissioner's fees | | 199.51 |
| 4. Witness fees | | 15.60 |
| 5. Motion costs | | 25.00 |
| 6. Attorney fees | | 100.00 |
| | | $347.91 |

Sec. 269.46 (1), Stats., provides, in part, as follows:

"**Relief from judgments, orders and stipulations; review of judgments and orders.** (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. . . ."

Thus, there is no question but what the trial court could have reopened this case upon notice and just terms. The narrow question presented here is whether the trial court abused its discretion in setting the particular terms imposed here by providing that the reopening of this matter would be conditioned on the plaintiff paying costs in the amount of $347.91.[1]

[1] Appellant devotes a considerable portion of his brief to his contention that after getting notice of the dismissal order his attorneys took the promptest action to have that order vacated. He relies on *Cruis Along Boats, Inc. v. Standard Steel Products Mfg. Co.* (1964), 22 Wis. 2d 403, 126 N. W. 2d 85, which emphasized that prompt action by a defaulting party was a most potent argument for establishing excusable neglect which could result in vacation of the judgment in that case. But in *Cruis Along Boats,* the trial court had refused to vacate a default judgment. Here, the trial court has vacated and reopened the judgment and has merely imposed terms on the plaintiff to achieve this reopening. Thus we are concerned not with the merits of whether the

In *Behl v. Schuette*,[2] this court stated that:

". . . There is no arbitrary rule by which the terms for opening a default in such a case can be fixed. The power in the matter is of a purely discretionary character, and should be exercised, not harshly, but with sound judgment, in such manner as to do justice between the parties so far as that end can be practically attained. *Obviously the court must be governed by the principle that a party circumstanced as plaintiff was should bear the consequences of his own fault, rather than that the diligent party should suffer. To that end it was proper that the plaintiff should be required to pay the reasonable expenses incurred by the defendants, which they would lose by opening the judgment.* But the court should not have gone further than to require the moving party to pay such reasonable expenditures, and could not without overstepping the bounds of legal discretion. *Union Nat. Bank v. Benjamin,* 61 Wis. 512." (Emphasis added.) [3]

In *Menasha Wooden Ware Co. v. Michelstetter* [4] this court stated:

"On the question of terms, it was the duty of the trial court to make such imposition as would reimburse plaintiff such expenses incurred in taking the default judgment as would be rendered futile upon its vacation, together with reasonable motion costs. . . ." [5]

In *Koch v. Wisconsin Pea Canners Co.,*[6] this court held that the trial court "abused its discretion in refusing . . . to set aside the verdict and grant a new trial upon *such terms as might be just.*" [7] (Emphasis added.)

initial judgment was obtained through the plaintiff's mistake, inadvertence, surprise or excusable neglect, but with the reasonableness of the terms upon which the trial court has reopened the judgment.

[2] (1897), 95 Wis. 441, 70 N. W. 559.

[3] *Id.* at page 443.

[4] (1905), 126 Wis. 427, 105 N. W. 927.

[5] *Id.* at page 429.

[6] (1911), 146 Wis. 267, 131 N. W. 404.

[7] *Id.* at page 272.

Further in that opinion, the court stated that:

"In imposing such terms trial courts may, in their discretion, allow, in addition to all taxable costs, a reasonable sum for the services of the attorney in taking the default judgment, and such other sum or sums of money as were reasonably and necessarily incurred in procuring it." [8]

In *Whereatt v. Ellis*,[9] this court stated:

". . . The judgment having been regularly entered, the defendant could only have it opened as a matter of favor, and upon a proper application. Here the application was granted upon the conditions named in the statement of facts, the substantial portions of which were that the defendant should pay $10 each for three motions, including the one mentioned in the order of July 2, 1885, and submit to an [adverse] examination as therein provided, and other things, some of which were at the request of the defendant. It is to be remembered that the statutes make the granting of such motion a matter of discretion with the trial court, and upon such terms as may be just. Sec. 2832, R. S. This court has frequently held that it will not interfere in such case unless there has been a manifest abuse of discretion. . . . Here we discover no such abuse in making the order of June 17, 1886. On the contrary, we think the terms imposed were reasonable." [10]

In view of the statute, sec. 269.46 (1), and in light of the above cited authorities as applied to the entire record in this matter, it clearly appears that it was not an abuse of discretion for the trial court to require that as a condition to reopening this case the plaintiff-appellant pay costs taxed for service of subpoena, service of motion, witness fees, motion costs, and to pay $100 in attorney fees. These costs and fees total $148.40. All of these costs and fees were incurred either in procuring the order of dismissal, appearing in response to appellant's

[8] *Id.* at page 276.

[9] (1887), 68 Wis. 61, 30 N. W. 520, 31 N. W. 762.

[10] *Id.* at page 70.

motions to vacate the order of dismissal, or were incurred on the morning of November 7, 1967, when the plaintiff-appellant and his counsel failed to appear for trial.

To impose these obligations upon the appellant appears to be consistent with the *Behl Case* wherein it was stated that "the court must be governed by the principle that a party . . . should bear the consequences of his own fault, rather than that the diligent party should suffer." [11]

The court commissioner fees of $199.51, however, were incurred when adverse examinations were conducted in 1961, 1962, and 1964. These expenses were not incurred as a result of the neglect of appellant's trial counsel, nor will the incurrence of these costs have been for naught if the matter now proceeds to trial. It appears that these are costs which will be properly taxable when the case has been determined on its merits.

In the *Behl Case,* this court held that the attorney fees which were imposed as a condition for reopening the case were excessive and modified the order accordingly. [12]

Also, in *Union Nat. Bank v. Benjamin,* [13] this court held that the terms imposed by the trial court for reopening the judgment were "unjustifiably severe." There the trial court ordered that "within five days the defendants serve and file a bond with sureties, in the penalty of $10,000, conditioned to pay any judgment the plaintiff might finally recover in the action." [14]

We conclude that it was unreasonable and an abuse of discretion in the instant case for the trial court to impose the requirement upon the appellant that he pay $199.51 in court commissioner fees in order to reopen the judgment against him.

*By the Court.*—Orders modified as directed and as modified, affirmed. No costs to be taxed on this appeal.

[11] *Supra,* footnote 2, at page 443.

[12] *See supra,* footnote 2, at page 444.

[13] (1884), 61 Wis. 512, 21 N. W. 523.

[14] *Id.* at page 513.